CRYSTAL D. MOON, Indiv. and as Mother and Next Friend of Asia Moon, a Minor, Plaintiff-Appellant, v. ALVIN JONES, Defendant-Appellee.

First District (3rd Division)   Nos. 1—95—1986, 1—95—2347 cons.

Opinion filed June 26, 1996.

Victor Pascucci, of Chicago, for appellant.

Lawrence W. Judd, of Orland Park, for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court: Plaintiff, Crystal D. Moon, individually and as mother and next friend of Asia Moon, brought this action against defendant, Alvin Jones, to recover damages resulting from the alleged negligence of defendant in driving his automobile. An initial arbitration hearing was held at which neither plaintiff nor plaintiff's counsel appeared. An arbitration award was made in favor of defendant, and judgment was entered by the trial court on the award. Plaintiff filed a motion to vacate the judgment pursuant to Supreme Court Rule 91(a) (145 Ill. 2d R. 91(a)). The trial court entered an order which granted plaintiff's motion but imposed cost and fee sanctions on plaintiff and barred her from rejecting "any arbitration award heretofore entered." Following a second arbitration hearing, an award was again made in favor of defendant. Plaintiff filed a rejection of the arbitration award within 30 days. The trial judge entered an order *nunc pro tunc* substituting the word "subsequent" for "heretofore" in his previous order and granting judgment to defendant. It is from this order of the trial court that plaintiff now appeals pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301).

For the reasons that follow, we reverse and remand.

The sole issue raised on appeal is whether the trial court exceeded its authority in barring plaintiff from rejecting future arbitration awards, regardless of whether plaintiff attends those hearings or participates in good faith. The appropriate standard of review in such cases is whether the trial court abused its discretion in imposing the sanction. *Williams v. Dorsey*, 273 Ill. App. 3d 893, 901 (1995); *Pickering v. Owens-Corning Fiberglas Corp.*, 265 Ill. App. 3d 806, 820 (1994). An abuse of discretion occurs when the court's ruling is arbitrary or exceeds the bounds of reason. *Williams*, 273 Ill. App. 3d at 901; *In re Marriage of Malters*, 133 Ill. App. 3d 168, 180 (1985).

Supreme Court Rule 91(a) states, in pertinent part:
> "The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the award. In the event the party who fails to be present thereafter moves, or files a petition to the court, to vacate

the judgment ***, the court, in its discretion, in addition to vacating the judgment, may order the matter for rehearing in arbitration, and may also impose the sanction of costs and fees as a condition for granting such relief." 145 Ill. 2d R. 91(a).

According to Rule 91, a party automatically loses the right to reject an arbitration award upon failing to appear at an arbitration hearing. However, the rule allows an absent party to request a vacation of the judgment entered on the award and expressly permits a trial court to impose costs and fees as a condition to vacating the judgment. Plaintiff argues that, under the doctrine of *expressio unius est exclusio alterius*, where a specific sanction is provided within a rule, that sanction is permitted to the exclusion of all others. Defendant, on the other hand, contends that the trial court has broad discretion in sanctioning and that the sanctions imposed in the instant case were proper.

■ We agree with defendant's contention that sanctioning is within the discretion of the trial court. We also agree that debarring a party from rejecting an arbitration award is a sanction within the trial court's power. In fact, Supreme Court Rules 90(g) and 91(b) specifically provide that a trial court may debar a party who fails to produce witnesses or participate at a hearing in good faith from rejecting the arbitration award. See 145 Ill. 2d Rs. 90(g), 91(b). However, where a party or his attorney fails to appear at an arbitration hearing, Rule 91(a) automatically debars that party from rejecting the award. Thus, in the instant case, the trial court need not have debarred plaintiff from rejecting the award, for that sanction was automatically imposed on plaintiff pursuant to Supreme Court Rule 91(a). If the trial court wished to impose an additional sanction on plaintiff, it could have simply denied plaintiff's request to vacate the judgment on the award. Had the trial court done this, the judgment for defendant on the original arbitration award would have stood. Instead, the trial court granted plaintiff's motion to vacate the judgment on the original award and then ordered *nunc pro tunc* that plaintiff is debarred from rejecting any future arbitration awards. According to that order by the trial court, plaintiff cannot reject a future award, regardless of whether she is present at the future hearing and participates in good faith or whether any error or injustice occurs. This, we believe, was an abuse of discretion by the trial court.

Defendant argues that the language of Supreme Court Rules 90(g) and 91(b) does not limit debarment to only the award from that arbitration which the party failed to attend. We disagree. In fact, the language contained in both rules states that the court may enter an

order "debarring that party from rejecting *the* award." (Emphasis added.) See 145 Ill. 2d Rs. 90(g), 91(b). In interpreting a disputed provision of a rule or statute, a court should first consider the language of the rule or statute itself as the best indication of the drafters' intent. *Hayes v. Mercy Hospital & Medical Center*, 136 Ill. 2d 450, 455 (1990). "Terms that are unambiguous, when not specifically defined, must be given their plain and ordinary meaning." *People ex rel. The Village of McCook v. Indiana Harbor Belt R.R. Co.*, 256 Ill. App. 3d 27, 29 (1993). In drafting these rules, the supreme court referred to "the award," which alludes to a specific award, as opposed to "an award," which alludes to any of a group of awards. Thus, we are led to the conclusion that the intention of the supreme court was to permit a trial court to debar a party who is not present at a hearing from rejecting *the* award that resulted from *that* hearing. We do not believe that the rule's language permits a trial court to preclude a party from rejecting arbitration awards that result from future hearings regardless of whether the party attends and participates in the hearing. If this were the case, it would directly contradict Supreme Court Rule 93(a), which provides, in pertinent part:

> "Within 30 days after the filing of an award with the clerk of the court, and upon payment of the sum of $200 to the clerk of the court, *any party who was present at the arbitration hearing*, either in person or by counsel, may file with the clerk a written notice of rejection of the award and request to proceed to trial ***." (Emphasis added.) 134 Ill. 2d R. 93(a).

While it is certainly within a trial court's discretion to refuse an absent party a trial or new arbitration hearing, it is not within the court's discretion, once it has excused the party's absence, to redefine that litigant's rights with regard to that new arbitration or trial and, in effect, rewrite the applicable supreme court rules for him. In other words, once the trial court gives the litigant another chance, it has to do so within the context of the rules as written. In the instant case, the trial court granted plaintiff's request for vacation of the judgment, but then redefined her rights to a new arbitration hearing—an action wholly uncontemplated by the rules. We believe this was an abuse of discretion by the trial court.

Plaintiff next contends that the trial court's *nunc pro tunc* modification of its previous order was an improper attempt to correct a judicial error. In light of our discussion of the previous issue, we need not address this question.

Accordingly, the judgment of the circuit court of Cook County is

reversed and remanded for further proceedings consistent with the views presented herein.

Reversed and remanded.

RIZZI and CERDA, JJ., concur.