MATIAS MORALES, Plaintiff-Appellee, v. DINA MONGOLIS, Defendant-Appellant.

First District (4th Division) No. 1—96—1051

Opinion filed December 11, 1997.

Parrillo, Weiss & O'Halloran, of Chicago (Keely Truax, of counsel), for appellant.

Cantwell & Cantwell, of Chicago (Peter A. Cantwell, Diana D. Varga, and Jason N. Kaplan, of counsel), for appellee.

JUSTICE SOUTH delivered the opinion of the court:

On June 30, 1993, plaintiff, Matias Morales, brought this action against defendant, Dina Mongolis, to recover damages resulting from the alleged negligence of Mongolis in driving her automobile. On March 24, 1994, Morales filed a request for admission of facts. On April 11, 1994, the circuit court quashed the request, stating that the matters contained therein were more suited to a discovery deposition.

Morales filed his notice for the discovery deposition of Mongolis on June 28, 1994. The deposition was originally scheduled for August

4, 1994, but did not proceed on that day. Thereafter, Mongolis failed to appear for her scheduled discovery deposition on approximately seven occasions. On three occasions, due to Mongolis cancelling her discovery deposition without providing sufficient notice, Morales was forced to pay appearance fees for the court reporter who had already arrived at Morales' attorney's office.

On June 21, 1995, Morales filed a motion for sanctions that set forth several prior attempts to obtain the discovery deposition of Mongolis and asked for relief, including an assessment of attorney fees and expenses against Mongolis and her attorney. The motion also requested that Mongolis be compelled to appear for her deposition within seven days, that she be barred from testifying at trial, and that her answer be stricken.

On June 23, 1995, the circuit court entered an order compelling Mongolis to appear for her discovery deposition on or before June 30, 1995, barring her from testifying as a witness if she failed to appear for her deposition and continuing the motion for costs and fees to July 5, 1995. On June 29, 1995, Morales filed a notice to compel the appearance of Mongolis pursuant to Supreme Court Rule 237(b) (134 Ill. 2d R. 237(b)). Mongolis never appeared for her discovery deposition, and she was consequently barred from testifying as a witness pursuant to the June 23, 1995, court order.

On July 5, 1995, the circuit court entered an order assigning this matter to mandatory arbitration. The circuit court also entered an order awarding $65 in costs and $108 in attorney fees against Mongolis and her lawyers pursuant to Morales' motion for sanctions. On August 4, 1995, Mongolis filed a motion to reconsider the entry of sanctions, and the motion was denied on September 18, 1995.

The case was scheduled for mandatory arbitration on October 26, 1995. On October 19, 1995, Mongolis filed a motion to be excused from appearing at the arbitration hearing or in the alternative to continue the arbitration. Attached to the motion was Mongolis' affidavit that she was unable to appear at the scheduled arbitration hearing due to a previously scheduled throat surgery on October 25, 1995. She did not produce an affidavit from her physician in support of her motion. On October 24, 1995, the motion was denied. The arbitration hearing proceeded on October 26, 1995, and Mongolis did not personally appear. Mongolis' attorney was present, however, and conducted opening statement, cross-examination and closing argument. Following the hearing, the arbitrators entered an award in favor of Morales and against Mongolis in the amount of $15,000.

■ On November 8, 1995, Mongolis filed a notice of rejection of the award pursuant to Supreme Court Rule 93. Rule 93 provides in pertinent part:

"(a) Rejection of Award and Request for Trial. Within 30 days after the filing of an award with the clerk of the court, and upon payment of the sum of $200 to the clerk of the court, any party who was present at the arbitration hearing, either in person or by counsel, may file with the clerk a written notice of rejection of the award and request to proceed to trial, together with a certificate of service of such notice on all other parties." 145 Ill. 2d R. 93(a). On December 5, 1995, Morales moved to bar Mongolis from rejecting the award pursuant to Supreme Court Rule 90(g), on the grounds that Mongolis failed to personally appear at the arbitration hearing pursuant to Morales' June 29, 1995, Supreme Court Rule 237(b) notice, and Mongolis' repeated failure to properly participate throughout the course of the proceeding. Mongolis filed a response supported by a note from her physician stating that she underwent throat surgery on October 25, 1995.

On January 22, 1996, following a reassignment of this matter after Mongolis' motion for substitution of judges was granted, the circuit court barred Mongolis from rejecting the arbitration award and entered judgment on the award against Mongolis in the amount of $15,000. On February 7, Mongolis filed a motion to reconsider, which was denied on February 14, 1996. This appeal followed. We affirm.

■ As an initial matter, we observe that the record consists only of the common law record; there is no certified transcript of proceedings or agreed statement of facts. Although it is the duty of the appellant to provide an adequate record for review by the appellate court, if the record provided is sufficient to disclose any errors of which the appellant complains, and the issues can be resolved on the record as it stands, the propriety of the circuit court's order can be considered on appeal. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984); *Landau & Associates, P.C. v. Kennedy*, 262 Ill. App. 3d 89, 92, 634 N.E.2d 373 (1994); *Fiala v. Schulenberg*, 256 Ill. App. 3d 922, 924, 628 N.E.2d 660, 662 (1993).

■ Mongolis first argues that she was never served with a Rule 237(b) notice to appear at the arbitration hearing. Because Mongolis did not raise this argument before the trial court, she has, therefore, waived its consideration on appeal. *Williams v. Dorsey*, 273 Ill. App. 3d 893, 897, 652 N.E.2d 1286 (1995), citing *Schecter v. Blank*, 254 Ill. App. 3d 560, 627 N.E.2d 106 (1993).

Absent waiver, we find that Mongolis was given adequate Rule 237(b) notice to appear at the arbitration hearing. Mongolis argues that because the notice did not specify her appearance at the arbitration hearing but, rather, at trial, she was not served any notice pur-

suant to Rule 237(b) calling for her appearance at the arbitration hearing. As this court stated in *Williams*, however, in determining whether proper notice to appear was given pursuant to Supreme Court Rule 237(b), we do not limit our inquiry to the four corners of the motion. Rather, we examine the circumstances of the case. *Williams*, 273 Ill. App. 3d 893, 652 N.E.2d 1286.

In the present case, the court entered an order transferring the case to mandatory arbitration. Thereafter, Mongolis filed a motion to be excused from appearing at the arbitration hearing or to continue the arbitration, which the court denied. Thus, Mongolis could not have reasonably construed the Rule 237(b) notice as a notice to compel her appearance at trial. Mongolis was aware she was required to appear at the arbitration hearing on October 26, 1995. Consequently, Mongolis' Rule 237(b) argument must fail.

Notwithstanding that fact, we note for future reference that when a case is transferred to mandatory arbitration and a Rule 237(b) notice to appear at trial has been served, the better practice is to issue a new Rule 237(b) notice to appear at the arbitration hearing.

■ Mongolis next contends that barring rejection of the award was an excessive sanction. The supreme court rules expressly provide that a court has the discretion to enter an order debarring a party from rejecting the arbitration award as a proper sanction for failing to appear at the arbitration hearing. Supreme Court Rule 90(g) provides:

> "(g) Compelling Appearance of Witness at Hearing. The provisions of Rule 237, herein, shall be equally applicable to arbitration hearings as they are to trials. The presence of a party may be waived by stipulation or excused by court order for good cause shown not less than seven days prior to the hearing. Remedies upon a party's failure to comply with notice pursuant to Rule 237(b) may include an order debarring that party from rejecting the award." 145 Ill. 2d R. 90(g).

Supreme Court Rule 237(b) provides in relevant part:

> "(b) Notice to Parties, *et al.* The appearance at the trial of a party or a person who at the time of trial is an officer, director, or employee of a party may be required by serving the party with a notice designating the person who is required to appear. *** Upon a failure to comply with the notice, the court may enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate." 134 Ill. 2d R. 237(b).

Illinois courts have consistently held that debarring a party from rejecting an arbitration award is an appropriate sanction for failing to appear at an arbitration hearing. *Williams*, 273 Ill. App. 3d 893, 652 N.E.2d 1286; *Moon v. Jones*, 282 Ill. App. 3d 335, 668 N.E.2d 67

(1996). The standard of review in such cases is whether the trial court abused its discretion in imposing the sanction. *Williams*, 273 Ill. App. 3d 893, 652 N.E.2d 1286; *Moon*, 282 Ill. App. 3d 335, 668 N.E.2d 67. An abuse of discretion occurs when a court rules arbitrarily or when its ruling "exceed[s] the bounds of reason." *Williams*, 273 Ill. App. 3d at 901; *Moon*, 282 Ill. App. 3d 335, 668 N.E.2d 67.

■ In this instance, although Mongolis did not waive her right to reject the award inasmuch as her counsel did appear on her behalf and she properly filed her notice of rejection, the court was not precluded from entering an order for sanctions debarring her from rejecting the award pursuant to Supreme Court Rule 90(g) (145 Ill. 2d R. 90(g)). Supreme Court Rule 93 (145 Ill. 2d R. 93(a)), makes clear that the filing of a notice of rejection by a party who is or has been debarred from rejecting an award is ineffective even if the party was present at the arbitration hearing in person or by counsel.

Here, Mongolis failed to comply with a proper Rule 237(b) notice to appear. Moreover, notwithstanding the fact that Mongolis was barred from testifying at the hearing for her failure to comply with discovery, Mongolis demonstrated a deliberate and contumacious disregard of the court's authority by not personally attending the arbitration hearing subsequent to the October 24, 1995, order denying her motion to be excused from attending the arbitration hearing or in the alternative to continue the arbitration.

■ Mongolis argues the court erred in its denial of her motion to be excused from the arbitration hearing or to continue the arbitration and relies primarily upon a note from her physician. The note dated November 7, 1995, 12 days after the arbitration hearing, stated that Mongolis underwent throat surgery on October 25, 1995. The note from Mongolis' physician did not comport with the requirements of evidentiary affidavits pursuant to Supreme Court Rule 191(a) (134 Ill. 2d R. 191(a)). Mongolis failed to include certified copies of her hospital records, and the physician who signed the note did not indicate that, if called to testify, she would do so competently.

Prior to denying Mongolis' motion, the court considered the evidence presented, including the form and contents of the physician's note. There was no evidence presented to the court indicating whether Mongolis' condition required immediate medical treatment that would preclude her from attending the October 26, 1995, arbitration hearing. There was, however, evidence that Mongolis had been aware of her medical condition for some time and that she had not required immediate surgery. In light of these facts and the limited record on appeal, we cannot hold that the circuit court, after consider-

ing all the evidence presented thereon, abused its discretion in denying Mongolis' motion to be excused from the arbitration hearing or to continue the arbitration.

As this court noted in *Williams*, "[a] consistent theme throughout the rules governing mandatory arbitration is the need for parties and their counsel to take these proceedings seriously; specifically, the concern is that no party make 'a mockery of this deliberate effort on behalf of the public, the bar and judiciary to attempt to achieve an expeditious and less costly resolution to private controversies' and to avoid allowing the arbitration process to be reduced to merely 'another hurdle to be crossed in getting the case to trial.' " *Williams*, 273 Ill. App. 3d at 900, quoting 145 Ill. 2d Rs. 91(a), (b), Committee Comments, and citing 145 Ill. 2d Rs. 90(g), 93.

■ Mongolis further contends that the arbitration award was out of proportion to the claimed injuries and damages and, therefore, the circuit court abused its discretion by apparently not considering a lesser sanction. Inasmuch as Mongolis failed to appear for any of her scheduled depositions and because she has failed to attach a transcript of the proceeding, it is impossible for this court to gauge precisely how the arbitrators calculated the amount awarded.

Nevertheless, the record is clear that a three-member panel observed the witnesses and evaluated all the evidence presented by the parties. Although Mongolis failed to personally appear at the arbitration hearing, she was zealously represented by counsel who conducted opening statement, cross-examination and closing argument in Mongolis' defense.

After observing all witnesses and carefully considering all the evidence presented by the parties, the arbitrators determined that Mongolis' negligent operation of her automobile was the proximate cause of damages to Morales' vehicle and injuries to his neck and back. On this evidence, the arbitrators awarded Morales $15,000. We therefore reject Mongolis' contention that the arbitration award was out of proportion to the claimed injuries and damages and find that the circuit court did not abuse its discretion by entering judgment on the award.

■ Finally, Mongolis and her attorneys contend that the circuit court erred in entering monetary sanctions in the amount of $173 against them for failure to comply with discovery. In support of this contention, they argue that they made every effort to comply with the discovery request and that Mongolis was physically unable to attend her June 5, 1995, deposition due to a medical emergency concerning her pregnancy. They further argue that the monetary discovery sanctions were entered strictly for the June 5, 1995, deposi-

tion and, therefore, the monetary sanctions could only be affirmed if Mongolis' and her attorney's conduct with respect to the June 5, 1995, deposition was sanctionable. For the following reasons, we disagree.

Illinois Supreme Court Rule 219(c) authorizes the circuit court to enter sanctions against a party or a party's attorney for failure to comply with discovery. Rule 219(c) provides in relevant part:

> "If a party, or any person at the instance of or in collusion with a party, unreasonably refuses to comply with any provision of part E of article II of the rules of this court (Discovery, Requests for Admission, and Pretrial Procedure) or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just ***.

> \* \* \*

> *** [T]he court, upon motion or upon its own initiative, may impose upon the offending party or his or her attorney, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred as a result of the misconduct, including a reasonable attorney fee ***." 166 Ill. 2d R. 219(c).

The decision to impose sanctions upon a party or the party's attorney will not be disturbed absent a clear abuse of discretion. *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 651 N.E.2d 1071 (1995).

Although the circuit court entered monetary discovery sanctions against Mongolis and her attorneys for only $173, the deposition costs of $65 and fees of $108 incurred on June 5, 1995, the court imposed the sanctions on the grounds contained in Morales' motion to compel discovery and for sanctions, which set forth numerous occasions prior to June 5, 1995, where Mongolis failed to attend her scheduled discovery deposition. The record reflects that there were several occasions where Mongolis was properly notified of the scheduled deposition dates and failed to appear. The record further reflects that there were also occasions where Mongolis did not receive timely notice of her scheduled deposition date due to conduct of her attorneys. Considering the foregoing, it cannot be held that the circuit court abused its discretion in imposing monetary sanctions in the amount of $173 against Mongolis and her attorneys.

For the aforementioned reasons, we cannot conclude that the circuit court abused its discretion in debarring Mongolis from rejecting the arbitrators' award. Accordingly, the July 5, 1995, October 24,

1995, January 22, 1996 and February 14, 1996, orders and judgment of the circuit court of Cook County are affirmed.

Affirmed.

HARTMAN and HOURIHANE, JJ., concur.