No. 2--96--1486

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

CURTIS HILL and SANDRA HILL, ) Appeal from the Circuit Court

) of Winnebago County.

Plaintiffs-Appellants,  )

) No. 95--L--188

v.  )

)

JOSEPH BEHR AND SONS, INC.,  ) Honorable

) Timothy R. Gill,

Defendant-Appellee. ) Judge, Presiding.

________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Plaintiffs, Curtis and Sandra Hill, appeal the trial court's order barring them from rejecting an arbitration decision in favor of defendant, Joseph Behr & Sons, Inc.  The sole issue for review is whether the trial court had the authority to bar plaintiffs from rejecting the award despite the arbitrators' failure to find that plaintiffs did not participate in good faith.  We affirm.

The matter proceeded to arbitration, at which plaintiffs failed to appear.  The factual allegations of plaintiffs' complaint for negligence and loss of consortium did not clearly establish defendant's liability.  The arbitrators found for defendant, and plaintiffs timely moved to reject the award.  

Defendant moved to bar plaintiffs from rejecting the award.  In the motion, defendant set forth that plaintiffs' counsel was present at the hearing.  Plaintiffs had not been served with a Supreme Court Rule 237(b) notice to appear (see 166 Ill. 2d R. 237(b)), and they failed to appear.  Plaintiffs failed to submit any Supreme Court Rule 90(c) documents (see 166 Ill. 2d R. 90(c)) and were unable to present any liability testimony.  They also failed to establish any damages as no medical bills or records had been submitted.  The arbitrators found for defendant because plaintiffs failed to present any testimony on liability or damages.  However, because plaintiffs were not served with a Rule 237(b) notice, the arbitrators refused to find that plaintiffs failed to participate in good faith.  

Defendant supported its motion with the affidavit of its counsel.  Counsel averred that defendant was not cross-examined and plaintiffs' counsel did not submit any testimony on medical or damages issues.  Defense counsel argued to the arbitrators that a finding that plaintiffs failed to participate in good faith and in a meaningful manner was not dependent on their receiving a Rule 237(b) notice.

Plaintiffs responded that it was solely through inadvertence that they failed to appear.  Plaintiffs argued that defense counsel refused to stipulate to the admissibility of any records, billings, and wage loss verification not previously submitted.   In his affidavit, plaintiffs' counsel stated that, in preparation for the arbitration hearing, he reviewed the medical records and billings, the wage loss verification, and materials related to the issue of liability.  These included defendant's responses to written discovery and the "deposition summary" of defendant's crane operator.  Counsel appeared at the hearing and, when Curtis Hill did not arrive, counsel contacted his own office to attempt to locate Curtis.  After several attempts to reach Curtis by telephone, counsel's secretary was able to reach Curtis' employer, who related that Curtis had requested time off for " 'court' " three days after the hearing date.  Counsel further averred that defense counsel advised him that she would not agree to the admission of the medical records and billings.  Plaintiffs' attorney averred that he intended to proceed to arbitration, but plaintiffs' inadvertent absence and defense counsel's refusal to stipulate to the admissibility of damages evidence, "precluded proceeding further with the arbitration."

Plaintiffs also submitted Curtis' affidavit in which he averred that, through a mistake, he confused the date of the arbitration hearing.  He stated that they intended to proceed with arbitration.  The arbitration panel rejected defendant's argument that plaintiffs failed to participate meaningfully and in good faith.  The panel noted plaintiffs' counsel's preparation and plaintiffs' inadvertent absence.  

The trial court found that plaintiffs failed to participate in good faith in the arbitration hearing and that plaintiffs were therefore barred from rejecting the arbitration award.  The court entered judgment in defendant's favor.  Plaintiffs timely appealed.

Ordinarily, the standard of review when a trial court has barred a party from rejecting an arbitration award is whether the trial court abused its discretion.  
Moon v. Jones
, 282 Ill. App. 3d 335, 336 (1996).  Plaintiffs do 
not
 argue that the court's judgment was an abuse of discretion.

Plaintiffs contend that the trial court erred in granting defendant's motion to bar rejection of the arbitration award.  Specifically, plaintiffs' argue that, because the arbitrators refused to find that plaintiffs failed to participate in good faith, the trial court was 
without authority
 to make that finding and bar them from rejecting the award.  Supreme Court Rule 91(b) provides:

"All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner.  If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award.  Such award shall be 
 prima facie
 evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner and a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), including, but not limited to, an order debarring that party from rejecting the award ***."  145 Ill. 2d R. 91(b).

When analyzing a supreme court rule, we must ascertain and give effect to the supreme court's intent.  
Killoren v. Racich
, 260 Ill. App. 3d 197, 198 (1994).  The same rules for statutory construction apply to supreme court rules.  
Killoren
, 260 Ill. App. 3d at 198.  When interpreting an enactment, the court should first look to the language of the statute as a whole and consider each part in connection with the rest.  
In re Petition to Annex Certain Territory to the Village of North Barrington
, 144 Ill. 2d 353, 362 (1991).  Courts must also consider the reasons and necessity for the enactment, the evil to be remedied, and the purpose of the rule.  
Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund
, 155 Ill. 2d 103, 111 (1993).

We reject plaintiffs' proposed interpretation that the arbitrators' finding is a prerequisite to the trial court's ability to bar a rejection of an award.  The plain language of the rule does not support plaintiffs' interpretation.  The rule does not state that the arbitrators' finding is binding on the trial court; it merely states that the arbitrators' finding is 
prima facie
 evidence of lack of good faith.  
Prima facie
 evidence is not an irrebuttable presumption.  See 
Martinez v. Gaimari
, 271 Ill. App. 3d 879, 883 (1995).  The purpose of Rule 91(b) is to discourage parties from merely attending the arbitration hearing and refusing to participate so as to render the arbitration process meaningless.  145 Ill. 2d R. 91(b), Committee Comments.  Allowing the trial court to have the final authority to determine whether to debar a party from rejecting an award as a sanction for failing to participate in good faith furthers this purpose.  Moreover, debarring a party from rejecting an award for failing to participate in good faith is within the trial court's power.  
Moon
, 282 Ill. App. 3d at 337.  Therefore, we conclude that the trial court has the authority to make the finding even in the absence of such a finding by the arbitrators.  See 
Smith v. Johnson
, 278 Ill. App. 3d 387, 390 (1996) ("it is within a trial court's authority to sanction a party who abuses the arbitration process by debarring that party from rejecting an arbitration award"); see also 
Williams v. Dorsey
, 273 Ill. App. 3d 893 (1995) (trial court's ruling debarring the defendants from rejecting the arbitration award upheld on appeal; the arbitrators did not make a finding that the defendants failed to participate in good faith).

Having resolved the only issue raised on appeal, we need not and shall not determine whether the judgment entered was an abuse of discretion.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

BOWMAN and HUTCHINSON, JJ., concur.