CAROL J. JOHNSON, Plaintiff-Appellee, v. BERTHA SAENZ, Defendant-Appellant.

Second District   No. 2—99—0104

Opinion filed February 25, 2000.

Raymond P. Fabricius, P. Timothy Grandchamp, and Bruce A. Brennan, all of Pool, Leigh & Fabricius, of Ottawa, for appellant.

Gary S. Reese and Paul A. Silich, both of Reese & Reese, of Rockford, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiff, Carol J. Johnson, brought an action against defendant, Bertha Saenz, for personal injuries she sustained in an automobile accident with defendant. Following mandatory arbitration, the circuit court of Winnebago County entered judgment on the arbitration award in favor of plaintiff and against defendant. On appeal, defendant contends that the circuit court abused its discretion in barring her from rejecting the arbitration award as a sanction for failing to appear in person at the arbitration hearing. For the reasons set forth below, we reverse and remand.

## FACTS

On May 29, 1998, plaintiff filed a complaint in the circuit court of Winnebago County. The complaint alleged that on June 10, 1996, plaintiff was stopped at a red light at the intersection of North Mulford Road and Mulford Village Drive in Rockford. Defendant's car collided with plaintiff's car as defendant approached the stop light.

Attached to plaintiff's complaint was a notice to compel defendant's appearance at the arbitration hearing pursuant to Supreme Court Rule 237 (166 Ill. 2d R. 237). On May 30, 1998, defendant was served with summons and complaint. The summons indicated that defendant

was required to appear at the Winnebago County courthouse, which was located at 400 West State Street in Rockford, for her arbitration. The summons also stated that the arbitration was scheduled for 9 a.m. on June 23, 1998. The case was continued, and an order was entered on June 30, 1998, which indicated that the arbitration was to take place on November 19, 1998. The order provided that the arbitration was scheduled to take place at 10:45 a.m. at the arbitration center, which was located at Stewart Square, Suite 25, 308 West State Street in Rockford.

Following a hearing on November 19, 1998, a majority of the three-member panel of arbitrators entered an award of $19,500 in favor of plaintiff. The award specifically noted that defendant did not personally appear at the arbitration. However, defendant's attorney was present. Shortly after the hearing, defendant's attorney went to the county courthouse on an unrelated matter. While he was there, he noticed defendant sitting in a courtroom.

Subsequently, defendant filed a notice of rejection of the arbitrators' award. In response, plaintiff filed a motion to bar defendant from rejecting the award. Plaintiff's motion cited two reasons, which plaintiff identified as two different counts. Count I, which was brought pursuant to Supreme Court Rule 90(g) (166 Ill. 2d R. 90(g)), alleged that defendant should be barred from rejecting the award because defendant violated Rule 237 when she failed, without good cause shown, to appear at the arbitration. Count II, which was brought pursuant to Supreme Court Rule 91(b) (145 Ill. 2d R. 91(b)), alleged that defendant should be barred from rejecting the award because she failed to participate in the arbitration in a good-faith and meaningful manner. Count II was based on the allegation that defendant's attorney sent subpoenas to plaintiff's medical providers before the arbitration that were returnable one day after the arbitration. Plaintiff claimed that this fact showed that defendant had the intention to reject the award even before the arbitration was held.

Defendant responded to plaintiff's motion and attached her affidavit to the response. In the affidavit, defendant stated that she does not speak or read English fluently. Defendant claimed that she did not appear at the arbitration hearing because she went to the courthouse and not the arbitration center. According to defendant, when she arrived at the courthouse, court personnel directed her to a courtroom, and no one at the courthouse ever told her that she should have gone to the arbitration center.

A hearing was held on plaintiff's motion to bar rejection, and the trial court granted the motion on count I. The court specifically noted that it would not make any decision as to count II. The trial court also

entered judgment in favor of plaintiff for $19,500. Defendant then filed the instant appeal.

## ANALYSIS

■ At the outset, we note that plaintiff has filed a motion to strike defendant's proposed "Agreed Report of the Proceedings." We ordered that motion taken with the case. Plaintiff argues that defendant's proposed report of proceedings violates Supreme Court Rule 323(c) (166 Ill. 2d R. 323(c)). Specifically, plaintiff alleges that defendant's proposed report is deficient in that (1) she (plaintiff) was never served with the proposed report of proceedings and (2) the report was never certified by the trial court. We agree and grant plaintiff's motion.

■ Having stricken defendant's proposed report of proceedings, we observe that the record on appeal consists merely of the common-law record. It is the duty of appellant to provide an adequate record for review by the appellate court. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Nevertheless, if the record is sufficient to disclose any errors of which the appellant complains, and the issues can be resolved on the record as it stands, the propriety of the trial court's order can be considered on appeal. *Foutch*, 99 Ill. 2d at 391-92; *Morales v. Mongolis*, 293 Ill. App. 3d 660, 663 (1997). We find that the record is sufficient to address defendant's contention of error.

We now address the merits of the case. Defendant contends that the trial court abused its discretion in barring her from rejecting the arbitration award. According to plaintiff, defendant has waived review of the judgment because defendant's brief only raises issues under Rule 91(b), and the trial court specifically refused to address the count brought pursuant to that rule. Plaintiff claims that any argument in the reply brief involving Rule 90(g) is waived. Alternatively, plaintiff asserts that the trial court did not abuse its discretion in barring defendant from rejecting the arbitration award.

■ We decline to accept plaintiff's waiver argument. In her brief, defendant states that "[w]here a Rule 237 Notice to Appear has been filed the trial court has discretion to enter a wide variety of sanctions against the non-appearing party." Defendant goes on to state that, among these sanctions, a trial court can bar a party from rejecting the arbitration award. Defendant then argues that debarment is not a proper sanction when the failure to appear results from reasonable and extenuating circumstances. The rest of the argument centers around defendant's claim that she had a good reason for not appearing at the arbitration. Because defendant addressed Rule 90(g) in her initial brief, we reject plaintiff's waiver argument.

■ We now turn to the heart of the case. The decision to bar a

party from rejecting an arbitration award will not be disturbed on appeal absent an abuse of discretion. *Easter Seal Rehabilitation Center for Will-Grundy Counties, Inc. v. Current Development Corp.*, 307 Ill. App. 3d 48, 50 (1999). An abuse of discretion occurs when the court rules arbitrarily or when its ruling exceeds the bounds of reason. *Williams v. Dorsey*, 273 Ill. App. 3d 893, 901 (1995). The burden is on the offending party to show that its noncompliance was reasonable or the result of extenuating circumstances. *Williams*, 273 Ill. App. 3d at 901.

The arbitration in this case was scheduled pursuant to supreme court rules establishing a nonbinding, court-annexed system to resolve certain civil actions. The mandatory arbitration rules relevant to our analysis in this case are Supreme Court Rules 90, 91, 93, and 237.

■ Pursuant to Rule 93, a party who was present at the arbitration hearing, either in person or by counsel, may file a written notice of rejection of the award within 30 days after the filing of the award and upon payment of the requisite fee. 166 Ill. 2d R. 93. However, the filing of a notice of rejection shall not be effective as to any party who is barred from rejecting an award. 166 Ill. 2d R. 93.

■ Plaintiff's motion to bar rejection of the award cited Rule 90(g). Rule 90(g) provides:

"The provisions of Rule 237, herein, shall be equally applicable to arbitration hearings as they are to trials. The presence of a party may be waived by stipulation or excused by court order for good cause shown not less than seven days prior to the hearing. Remedies upon a party's failure to comply with notice pursuant to Rule 237(b) may include an order debarring that party from rejecting the award." 166 Ill. 2d R. 90(g).

Supreme Court Rule 237 states that "[t]he appearance at the trial of a party *** may be required by serving the party with a notice designating the person who is required to appear." 166 Ill. 2d R. 237(b). Plaintiff's motion also cited Rule 91(b), which permits the trial court to enter an order barring a party from rejecting an arbitration award for failing to participate in an arbitration hearing in good faith and in a meaningful manner. 145 Ill. 2d R. 91(b).

■ The purposes of the supreme court rules on mandatory arbitration are to prevent abuse in the arbitration process and to uphold the integrity of the arbitration process. 145 Ill. 2d R. 91, Committee Comments, at lxix-lxx; *State Farm Insurance Co. v. Kazakova*, 299 Ill. App. 3d 1028, 1032 (1998). As the Committee Comments to Rule 91 state:

"The enactment, by the legislature, establishing the procedure of mandatory court-annexed arbitration as an integral part of the juridical process of dispute resolution and the promulgation of these rules to implement such legislation compels the conclusion

that its process must be utilized in arbitrable matters either to finally resolve the dispute or as the obligatory step prior to resolution by trial. *To permit any party or counsel to ignore the arbitration hearing or to exhibit an indifference to its conduct would permit a mockery of this deliberate effort on behalf of the public, the bar and judiciary to attempt to achieve an expeditious and less costly resolution of private controversies.*" (Emphasis added.) 145 Ill. 2d R. 91, Committee Comments, at lxix.

In this instance, the trial court entered an order barring defendant from rejecting the arbitration award for failure to comply with a Rule 237 notice to appear as required by Rule 90(g). We hold that the trial court abused its discretion in barring defendant from rejecting the arbitration award where there was no evidence that defendant's failure to appear at the hearing was the result of a deliberate and pronounced disregard for the rules and the court. See *Kazakova*, 299 Ill. App. 3d at 1034; *Valdivia v. Chicago & North Western Transportation Co.*, 87 Ill. App. 3d 1123, 1125 (1980).

It is conceded that defendant did not personally appear at the arbitration hearing. However, her attorney did attend the hearing. While counsel's appearance alone does not preclude the trial court from entering an order barring defendant from rejecting the arbitration award (see 145 Ill. 2d R. 93; *Morales v. Mongolis*, 293 Ill. App. 3d 660, 665 (1997)), defense counsel's appearance coupled with other factors leads us to conclude that defendant's failure to appear at the arbitration hearing was reasonable and the result of extenuating circumstances. For instance, we note that shortly after the conclusion of the arbitration hearing, defendant's attorney spotted defendant in a courtroom at the Winnebago County courthouse. Defendant explained that when she arrived at the courthouse, she waited in a courtroom as directed by court personnel. No one at the courthouse ever told her that she should have gone to the arbitration center. In addition, defendant's poor command of the English language created a language barrier between her and court personnel.

This is not a situation such as that in *Morales*, 293 Ill. App. 3d 660, where the court found the defendant made a conscious decision not to attend the arbitration hearing despite a previous court order denying her motion to be excused from the hearing. Moreover, plaintiff's reliance on *Williams*, 273 Ill. App. 3d 893, and *State Farm Insurance Co. v. Gebbie*, 288 Ill. App. 3d 640 (1997), is unavailing. In *Williams*, the court noted that the defendants presented no excuse for their absence at the arbitration hearing despite a Rule 237 notice to appear. In *Gebbie*, the appellate court upheld the trial court's decision to bar the defendant from rejecting the arbitration award. The *Gebbie*

court rejected the defendant's argument that it was useless for him to attend the arbitration hearing because he was barred from presenting any evidence at the hearing. The court also noted that the defendant's actions prevented the opposing party from calling defendant as an adverse witness.

In all three of the aforementioned cases, the defendants showed a deliberate and pronounced disregard for the court and for the supreme court rules on mandatory arbitration. The same cannot be said of defendant in the instant case. Defendant traveled to the county courthouse on the date of the arbitration hearing. The evidence also suggests that defendant appeared at the proper time. However, due to confusion and miscommunication defendant went to a courtroom in the wrong building. Under the facts of this case, we find that defendant has met her burden of showing that her noncompliance was reasonable and the result of extenuating circumstances. Defendant's behavior demonstrates she did not intend to make a mockery of the arbitration proceedings. Accordingly, we conclude that the trial court abused its discretion in barring plaintiff from rejecting the arbitration award.

For the reasons stated herein, we reverse the judgment of the circuit court of Winnebago County and remand the cause for further proceedings.

Reversed and remanded.

BOWMAN, P.J., and INGLIS, J., concur.