FIRST DIVISION

June 19, 2000

No. 1-99-2856

MICHELLE SCHMIDT,

Plaintiff-Appellant,

v.

SANTHOSH JOSEPH and CHACKO JOSEPH, 

Defendants-Appellees.

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

John Laurie,

Judge Presiding.

JUSTICE GALLAGHER delivered the opinion of the court: 

Michelle Schmidt (plaintiff) brought this action for personal injuries against Santhosh Joseph (defendant) following a car accident.  At the mandatory arbitration proceedings, the arbitrators entered an award in favor of defendant and against plaintiff.   Plaintiff filed a notice of rejection of the award and defendant moved to bar the rejection of the award pursuant to Supreme Court Rule 91 (145 Ill. 2d R. 91).  The trial court granted defendant's motion to bar plaintiff from rejecting the award and later entered judgment on the award in favor of defendant.   Plaintiff's motion to reconsider the trial court's order barring her from rejecting the arbitration award was denied with prejudice.  Plaintiff filed this appeal.

Initially, plaintiff filed a complaint against defendant and his father, Chako Joseph, to 
recover damages for personal injuries allegedly resulting from an automobile accident occurring on May 20, 1996.  Both defendant and Chako Joseph denied liability.  On November 16, 1998, the trial court entered summary judgment on an uncontested motion in favor of Chako Joseph because he was not driving the vehicle when the accident occurred.  The case against defendant remained pending. 

The matter was set for arbitration on December 23, 1998, pursuant to Illinois Supreme Court Rule 86.  155 Ill. 2d R. 86.  On October 20, 1998, plaintiff's attorney sent a letter to plaintiff disclosing the date, time and place of the arbitration.  Defendant admits he did not forward a Rule 237(b) notice to plaintiff to compel her appearance.
 
 166 Ill. 2d R. 237(b).  On November 3, 1998, plaintiff's counsel sent opposing counsel evidentiary documents pursuant to Illinois Supreme Court Rule 90(c).  145 Ill.  2d R. 90(c).  On December 19, 1998, plaintiff met with her counsel to prepare for the upcoming arbitration proceeding.  

However, plaintiff mistakenly noted that the arbitration would occur on December 28, 1998.  Therefore, plaintiff was not present for the arbitration hearing on December 23, 1998.    Plaintiff's counsel was present and participated in the hearing.  She presented an opening statement, she called defendant as an adverse witness and elicited testimony regarding liability, she gave a closing argument, and she submitted the Rule 90(c) documents which included plaintiff's medical records, reports and bills for treatment.  

The arbitrators found in favor of the defendant.  The award specifically stated that "plaintiff Michelle Schmidt not personally present at hearing, but she appeared through Counsel - No evidence of Rule 237 Notice for Plaintiff to appear."  There is no transcript of the arbitration hearing in the record. 

Plaintiff filed a notice of rejection of the award in the circuit court of Cook County on January 15, 1999, pursuant to Supreme Court Rule 93.  166 Ill. 2d R. 93.  Defendant moved to bar the rejection of the award, citing Illinois Supreme Court Rule 91 (145 Ill. 2d R. 91) and 
Hill v. Joseph Behr & Sons, Inc.
, 293 Ill. App. 3d 814, 688 N.E.2d 1226 (1997).  Defendant contended that plaintiff failed to appear at the hearing and thus failed to participate in good faith and in a meaningful manner.  Plaintiff submitted an affidavit in response which stated that she failed to appear at the arbitration hearing "because [she] thought the hearing was on December 28, 1998."  Plaintiff further stated she requested to be off work on December 28, 1998, to attend the hearing.  Her supervisor at work also submitted an affidavit to the trial court confirming that the plaintiff requested to be off work on December 28, 1998, in order to appear at the hearing.  Following briefs and arguments, the trial court granted defendant's motion to bar plaintiff's rejection of the award on March 29, 1999.  Plaintiff moved for reconsideration contending that the trial court had no basis for finding that plaintiff did not participate at the hearing in good faith.  The court denied the motion with prejudice on June 15, 1999, after a full briefing and a hearing.  On July 13, 1999, plaintiff filed a notice of appeal. 

The first issue to be resolved by us concerns our ability to consider the issues raised by plaintiff in this court.  According to defendant, this court lacks jurisdiction to address plaintiff's allegations in view of the fact that, in her notice of appeal, plaintiff stated that she was seeking review of the trial court's order dated June 15, 1999.  In that order, the trial court denied plaintiff's motion to reconsider its judgment in favor of defendant.  

Citing 
Lewanski v. Lewanski, 
59 Ill. App. 3d 805, 815, 375 N.E.2d 961, 968 (1978),
 
defendant contends "[i]t is well established that an appellate court has jurisdiction only of those matters which are raised in the notice of appeal."  Defendant contends that plaintiff's notice of appeal does not refer to any orders entered by the trial court besides the motion for reconsideration. 

The purpose of a notice of appeal is to inform the party who prevailed in the circuit court as to which aspect of the judgment appealed from will be reviewed.
  Heller Financial, Inc. v. Johns-Byrne Co.
, 264 Ill. App. 3d 681, 689, 637 N.E.2d 1085, 1091 (1994).  To that end, notice is to be liberally construed when determining what matters were properly raised in the notice, and a defect will be deemed one of form, so long as that construction does not prejudice the appellee.  
Heller Financial, Inc
., 264 Ill. App. 3d at 689, 637 N.E.2d at 1091. 

It is well settled that the notice of appeal may be construed to bring up for review an earlier unspecified order where that order is a step in the procedural progression to the specified order.  
Heller Financial, Inc.
, 264 Ill. App. 3d at 689, 637 N.E.2d at 1091.  In 
Heller Financial, Inc
., as in the case at bar,
 
appellant's notice of appeal designated only the order denying its motion to reconsider.  The court held:

  
 "
Here, in its notice of appeal, [appellant] seeks review of the trial court's refusal to reconsider its judgment, a ruling wherein the court necessarily contemplated once again all of the orders which comprised its ultimate judgment in the case.  Thus, all of those previous orders were subsumed by the order from which [appellant's] appeal is taken.
"
  264 Ill. App. 3d at 689, 637 N.E.2d at 1091.

Therefore, all of the previous orders in this case are subsumed by the June 15, 1999, order.  After liberally construing plaintiff's notice of appeal, we find that it presents to us all of the issues about which plaintiff complains on appeal.  Furthermore, defendant does not suggest that he was prejudiced in any way or that he was put at a disadvantage in defending the judgment from which this appeal was actually taken.  
Plaintiff's appeal of the substantive questions determined by the trial court will now be considered by this court. 

In her appeal, plaintiff first argues that the trial court abused its discretion in barring the plaintiff's "notice of rejection" pursuant to Illinois Supreme Court Rules 91 and 93.  145 Ill. 2d R. 91; 166 Ill. 2d R. 93.  Second, plaintiff argues that the trial court erred in its determination that the plaintiff participated in bad faith at the arbitration hearing without the assistance of an adequate record of the proceedings or a finding by the arbitrators of a failure of good-faith participation.  Third, plaintiff argues that the trial court erred in applying 
Hill
, 293 Ill. App. 3d 814, 688 N.E.2d 1226, to the instant case. 

A trial court's imposition of sanctions pursuant to Supreme Court Rule 91 will be reversed only where the court's decision represents an abuse of discretion.  
Goldman v. Dhillon
, 307 Ill. App. 3d 169, 172, 717 N.E.2d 474, 477 (1999).   Such a finding will be deemed an abuse of discretion if it is arbitrary or its ruling exceeds the bounds of reason.  
Williams v. Dorsey
, 273 Ill. App. 3d 893, 901, 652 N.E.2d 1286, 1292 (1995).  The burden is on the offending party to show that its noncompliance was reasonable or the result of extenuating circumstances.
  Kubian v. Labinsky
, 178 Ill. App. 3d 191, 197, 533 N.E.2d 22, 26 (1988), citing
 Cedric Spring & Associates, Inc. v. N.E.I. Corp.
, 81 Ill. App. 3d 1031, 402 N.E.2d 352 (1980).  We conclude that the trial court did not abuse its discretion in barring plaintiff from rejecting the arbitration award. 

The purposes of the supreme court rules on mandatory arbitration are to prevent abuse in the arbitration process and to uphold the integrity of the arbitration process.
  State Farm Insurance Co. v. Kazakova
, 299 Ill. App. 3d 1028, 1033, 702 N.E.2d 254, 257 (1998).  As the Committee Comments to Rule 91 state:

"The enactment, by the legislature, establishing the procedure of mandatory court-annexed arbitration as an integral part of the juridical process of dispute resolution and the promulgation of these rules to implement such legislation compels the conclusion that its process must be utilized in arbitrable matters either to finally resolve the dispute or as the obligatory step prior to resolution by trial.  To permit any party or counsel to ignore the arbitration hearing or to exhibit an indifference to its conduct would permit a mockery of this deliberate effort on behalf of the public, the bar and the judiciary to attempt to achieve an expeditious and less costly resolution of private controversies."  145 Ill. 2d R. 91, Committee Comments, 1xix.

Defendant contends plaintiff's failure to appear at the arbitration hearing resulted in a waiver of the right to reject the arbitration award.  Supreme Court Rule 91(a) provides in part:

"The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the reward."  145 Ill. 2d R. 91(a). 

This rule does not require that both the party and the party's lawyer appear at the arbitration hearing in order to preserve the right to rejection.  It requires that one of the two be present.  
Allstate Insurance Co. v. Pena
, 227 Ill. App. 3d 348, 349, 591 N.E.2d 526, 527 (1992).  If the party 
or
 her counsel appears at the hearing, Rule 91(a) does not authorize a waiver of the right to reject the award.  
Allstate Insurance Co.
, 227 Ill. App. 3d at 349, 591 N.E.2d at 527.

In this case, plaintiff failed to appear at the arbitration hearing, but plaintiff's counsel was there and presented her case.  Since plaintiff was present at the arbitration hearing through her counsel, plaintiff cannot be deemed to have waived her right to reject the arbitration award.  See
 Martinez v. Gaimari
, 271 Ill. App. 3d 879, 883, 649 N.E.2d 94, 97 (1995).  

Nevertheless, under the amendment to Rule 90 in 1993, the trial court clearly gained the authority to impose an order barring a party from rejecting the arbitration award as a sanction for failure to comply with a notice to appear under Rule 237(b).  145 Ill. 2d R. 90(g); 166 Ill. 2d R. 237(b).  Supreme Court Rule 237(b) provides that "[t]he appearance at the trial of a party * * * may be required by serving the party with a notice designating the person who is required to appear."  166 Ill. 2d R. 237(b).  

Rule 90(g) provides that a party who fails to comply with a Rule 237 notice to appear may be debarred from rejecting the award.  
145 Ill. 2d R. 90(g); see 
Williams
, 273 Ill. App. 3d at 900, 652 N.E.2d at 1291 (
the fact that a party's attorney is present at the arbitration hearing does not preclude the circuit court's entry of an order barring the party from rejecting the award); 
 Bachmann v. Kent
, 293 Ill. App. 3d 1078, 1082, 689 N.E.2d 171, 174 (1997)
("[u]nder Supreme Court Rule 90(g), it is within the trial court's authority to bar a party from rejecting an award as a sanction for failing to comply with a notice to appear under Rule 237(b)").
 

 In this case, defendant has admitted that he failed to serve plaintiff with Rule 237(b) notice
.  Therefore, plaintiff's failure to appear in person at the arbitration hearing will not bar her ability to reject the award.  Further, defendant cannot complain that plaintiff's absence from the hearing prejudiced him since he was responsible for requesting her appearance.

Courts also take into consideration whether a party's failure to appear at an arbitration hearing was reasonable and the result of extenuating circumstances.  
Johnson v. Saenz
, 311 Ill. App. 3d 693 (2000).  In this case, plaintiff's failure to appear at the arbitration hearing was inadvertent, reasonable and the result of extenuating circumstances.  Plaintiff filed an affidavit stating she misdiaried the date of the hearing on December 28, 1998, instead of December 23, 1998.  In addition, her supervisor also filed an affidavit indicating plaintiff had asked to have the day off on December 28, 1998, to attend a court hearing.  
These affidavits have not been refuted.  
This is not a case where a party deliberately disregarded the rules by making no attempt to participate in the arbitration hearing in a meaningful manner.  See 
Johnson
, 311 Ill. App. 3d 693 (2000)(defendant missed arbitration hearing because she did not speak English well, went to wrong building for arbitration hearing, and was told to stay).  Plaintiff demonstrated she did not intend to make a mockery of the arbitration proceedings.  Instead, plaintiff has met her burden of showing that her noncompliance was reasonable and the result of extenuating circumstances.  

In 
Morales v. Mongolis
, 293 Ill. App. 3d 660, 688 N.E.2d 1196 (1997), on the other hand, the court held that defendant showed a deliberate and pronounced disregard for the court and for the supreme court rules on mandatory arbitration.  The court determined the defendant made a conscious decision not to attend the arbitration hearing despite a previous court order denying her motion to be excused from the hearing.  The court held that defendant "demonstrated a deliberate and contumacious disregard of the court's authority by not personally attending the arbitration hearing subsequent to the * * * order denying her motion to be excused from attending the arbitration hearing or in the alternative to continue the arbitration."  
Morales
, 293 Ill. App. 3d at 665, 688 N.E.2d at 1200. 

In addition, a party's failure to participate in an arbitration hearing in good faith and in a meaningful manner provides a separate basis for barring him from rejecting an arbitration award.  145 Ill. 2d R. 91(b);  
State Farm Insurance Co. v. Gebbie
, 288 Ill. App. 3d 640, 642, 681 N.E.2d 595, 597 (1997); see
 Hinkle v. Womack
, 303 Ill. App. 3d 105, 111, 707 N.E.2d 705, 708-09 (1999)(in addition to requiring the presence of a party or his lawyer, Rule 91 also requires good-

faith participation in the arbitration hearing); see 145 Ill. 2d R. 91(b)
(
"Good Faith Participation.  All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner").  

A trial court need not find intentional obstruction of the arbitration proceeding in order to find bad-faith participation on the part of a party to the hearing.  
Employer's Consortium, Inc. v. Aaron
, 298 Ill. App. 3d 187, 191, 698 N.E.2d 189, 192 (1998).  Instead, the purposes of Rule 91(b) are defeated whether a party's conduct is the result of inept preparation or intentional disregard for the process.  
Employer's Consortium, Inc.
, 298 Ill. App. 3d at 191, 698 N.E.2d at 192;
 see
 State Farm Insurance Co.
, 299 Ill. App. 3d at 1034, 702 N.E.2d at 257
 (standard is whether party's conduct was characterized by a deliberate and pronounced disregard for rules and the court).  The Committee Comments following the rule indicate that "[a]rbitration must not be perceived as just another hurdle to be crossed in getting the case to trial." 145 Ill. 2d R. 91(b) Committee Comments at 1xx.  Instead, a party must subject the case to the type of adversarial testing that would be expected at a trial.  
Martinez
, 271 Ill. App. 3d at 884, 649 N.E.2d at 98.

In this case, the arbitration panel noted that plaintiff was represented by her attorney, and it made no determination that plaintiff failed to participate in the arbitration hearing in good faith.  After a hearing, the trial court made a determination that plaintiff failed to participate in good faith.  We were not provided with the transcript of the arbitration hearing or the hearing where the trial court barred plaintiff's rejection of the award.  
We conclude that the trial court's finding of bad faith in this case was correct since plaintiff has failed to prove she participated in good faith and in a meaningful manner.

 
In her arguments to the trial court, plaintiff's counsel stated she made an opening statement, called defendant as an adverse witness, submitted Rule 90(c) evidence including plaintiff's medical records, reports and bills for treatment, and made a closing argument.
(footnote: 1)  Therefore, the only evidence plaintiff's counsel presented was the testimony of defendant and the package of Rule 90(c) materials that were not included in the record.  See 
People v. Flax
, 255 Ill. App. 3d 103, 109, 627 N.E.2d 359, 364 (1993)(
opening statement and closing argument are not evidence).
  Furthermore, since no transcript of the arbitration hearing was submitted, we are not privy to whether plaintiff's counsel elicited 
any
 evidence from defendant on liability or whether the Rule 90(c) information could possibly have proved damages without plaintiff's presence and testimony.  Therefore, based on this inadequate record, we do not have sufficient information to determine whether plaintiff's counsel 
subjected the case to the type of adversarial testing expected at trial which is necessary to maintain the integrity of the arbitration process.  See 
Martinez
, 271 Ill. App. 3d at 884, 649 N.E.2d at 98.

Similarly, in 
Employer's Consortium, Inc. v. Aaron
, 298 Ill. App. 3d 187, 698 N.E.2d 189 (1998), the plaintiffs failed to present enough evidence to justify a finding of good faith.  Plaintiffs sued to recover on promissory notes made by defendant, and the case was referred to mandatory arbitration.  Plaintiffs' counsel appeared before the arbitration panel.  She made a brief opening statement and submitted a copy of the unverified complaint along with the attached exhibits to the arbitrators.  Plaintiffs' counsel rested her case solely on the complaint.  The arbitrators found plaintiffs did not participate in good faith and a meaningful manner pursuant to Supreme Court Rule 91(b) (145 Ill. 2d R. 91(b)).  Based upon this finding, the trial court debarred plaintiffs from rejecting the arbitrator's award.  On appeal, the court determined: 

"Plaintiffs did not present evidence to provide the arbitrators with the basis for an award.  Even if the unverified complaint and attached exhibits had been accepted by the arbitration panel as evidence, plaintiffs would not have presented a
 prima facie
 case.  The making of the notes was undisputed.  The issues in dispute centered around payment and other affirmative defenses raised by defendant. Plaintiffs presented no evidence regarding payment of the notes and did not address the affirmative defenses.  It is highly unlikely that plaintiffs would have proceeded in this manner at trial.  This was not the adversarial testing necessary to maintain the integrity of the arbitration process. [Citation.]"  
Employer's Consortium, Inc.
, 298 Ill. App. 3d at 190, 698 N.E.2d at 192 (1998).  

In this case, while plaintiff's counsel participated more in the arbitration process than the attorney in 
Employer's Consortium, Inc.
, we still have not been provided with enough information to determine whether she presented a 
prima facie
 case.

Furthermore, it is the duty of appellant to provide an adequate record for review by the appellate court.
  Foutch v. O' Bryant
, 99 Ill. 2d 389, 391-92 (1984).  The absence of the transcript of the arbitration hearing, the transcript of the trial court's finding, plaintiff's counsel's affidavit, and the Rule 90(c) materials made it impossible for this court to determine whether plaintiff met her burden in proving she participated in good faith.  
 

Finally, plaintiff argues that the trial court erred in applying 
Hill
, 293 Ill. App. 3d 814, 688 N.E.2d 1226, to the instant case. 
 The 
Hill 
court held that a trial court 
may
 make a determination of bad faith in the absence of such a finding by the arbitration panel.  
The court rejected the plaintiffs' argument that an arbitrator's finding is a prerequisite to the trial court's ability to bar a rejection of an award.  
Hill
, 293 Ill. App. 3d at 817, 688 N.E. 2d at 1229.  Nevertheless, the 
Hill 
court did not determine whether plaintiffs participated in good faith, and further, it did not specify what information would make it reasonable for the trial court to make a determination that a party participated in good faith and a meaningful manner.  
Hill
, 293 Ill. App. 3d at 818, 688 N.E.2d at 1229.  Therefore, 
Hill
 was properly applied only to support the trial court's ability to find lack of good-faith participation by a party in the absence of a finding by the arbitration panel.  

For the foregoing reasons, we affirm the decision of the trial court barring plaintiff from rejecting the arbitration award.

Affirmed.

O'MARA FROSSARD, P.J., and RAKOWSKI, J., concur.

FOOTNOTES
1:
Despite plaintiff's contention at oral argument,
 no affidavit by plaintiff's counsel was included in the 
record.  Further, the actual Rule 90(c) package was also absent from the record.