ANDREA E. KELLETT, Plaintiff-Appellee, v. MICHELLE ROBERTS, Defendant and Third-Party Plaintiff-Appellant (Laurie Byrne, Third-Party Defendant; Parrillo, Weiss and O'Halloran, Appellant).

Second District    No. 2—95—1006

Opinion filed June 12, 1996.

Keely Truax, of Parrillo, Weiss & O'Halloran, of Chicago, for appellants.

John J. Pcolinski, Jr., of Guerard, Kalina & Butkus, of Wheaton, for appellee Andrea E. Kellett.

JUSTICE GEIGER delivered the opinion of the court:

The defendant and third-party plaintiff, Michelle Roberts, and her counsel, Parrillo, Weiss and O'Halloran (Parrillo, Weiss), appeal from the orders of the trial court denying her motion for sanctions under Supreme Court Rule 137 (155 Ill. 2d R. 137), and sanctioning her pursuant to Supreme Court Rules 91(b) (145 Ill. 2d R. 91(b)), 219(c), and 237 (134 Ill. 2d Rs. 219(c), 237) by debarring her right to reject an arbitration award in favor of the plaintiff, Andrea Kellett, and awarding the plaintiff attorney fees and costs. We affirm in part, reverse in part, and remand.

The plaintiff brought this action for personal injuries she allegedly sustained in a traffic accident. The plaintiff, a passenger in a vehicle driven by the third-party defendant, Laurie Byrne, alleged that she was injured when the defendant's vehicle struck Byrne's vehicle from behind. The defendant subsequently filed a third-party complaint seeking contribution from Byrne for her alleged negligence.

Prior to Byrne's being served with summons on the third-party complaint, the plaintiff filed a motion for sanctions pursuant to Supreme Court Rules 137 and 219(c), going both to Parrillo, Weiss' failure to investigate or consult with the defendant prior to filing the

third-party complaint and to the defendant's refusal to comply with discovery. On January 23, 1995, the trial court awarded the plaintiff sanctions of $7,384.55, finding, *inter alia*, that the attorney fees requested in the amended affidavit filed by her counsel at a rate of $175 per hour were reasonable and customary. The defendant's motion to reconsider the sanctions order was subsequently denied, with an additional $2,625 in fees awarded for what the trial court deemed to be the frivolous motion to reconsider. Following an appeal by Parrillo, Weiss, the sanctions awards were affirmed. See *Kellett v. Roberts*, 276 Ill. App. 3d 164 (1995).

The case, originally set for arbitration on January 4, 1995, was arbitrated on April 6, 1995. Although her counsel was present, the defendant did not attend the arbitration. The arbitrators entered an award in favor of the plaintiff and third-party defendant and against the defendant and third-party plaintiff. The award further stated the arbitrators' finding "that the Defendant/Third Party Plaintiff failed to comply with Supreme Court Rule 237 by failing to appear pursuant to notice." In addition, the arbitrators entered a written Rule 91(b), finding that the defendant failed to participate in the hearing in good faith and in a meaningful manner, noting as the factual basis that "Counter Plaintiff [*sic*] presented no evidence whatsoever to support her claim against the Third Party Defendant."

The following day, the plaintiff filed a motion seeking sanctions against the defendant pursuant to Rules 91(b), 219(c), and 237, for her failure to appear in person at the arbitration and her failure to meaningfully participate in the proceedings. The plaintiff sought to debar the defendant from rejecting the arbitration award as well as an award of attorney fees incurred in connection with the preparation for and attendance at the arbitration and the instant motion.

In her response, the defendant attached an affidavit in which she averred that she had not received the letter of her attorneys informing her of the rescheduled arbitration date. The defendant argued further that the Rule 91(b) finding was entered only as to the third-party claim and that debarring her from rejecting the award would deprive her of her right to trial by jury and would be unusually harsh. Additionally, the defendant contended that the "outrageous" attorney fees requested by the plaintiff were not incurred as a result of the defendant's failure to appear in person at the arbitration.

On May 5, 1995, the trial court granted the plaintiff's motion, sanctioning the defendant pursuant to Rules 91(b), 219(c), and 237 by debarring her right to reject the award of the arbitrators. In addition, the court entered judgment on the complaint in favor of the plaintiff and against the defendant in the amount of $18,000 plus

costs and entered judgment in Byrne's favor on the third-party complaint. The court continued the issue of monetary sanctions against the defendant to a later date.

Thereafter, the defendant served the plaintiff with her motion for sanctions pursuant to Rule 137. In her motion, the defendant stated that although the plaintiff's verified complaint alleged that she suffered lacerations in the traffic accident, the plaintiff admitted in her deposition testimony that she did not sustain any cuts or lacerations in the accident. The motion also attacked the complaint's allegations that the plaintiff suffered mental anguish and that the defendant failed to equip her vehicle with adequate brakes as being without a factual basis.

On July 6, 1995, the trial court granted the plaintiff's motion for attorney fees in the amount of $2,537 plus costs in the amount of $228, granted Byrne's motion for attorney fees and costs totalling $2,483.30, and denied the defendant's motion for Rule 137 sanctions. In addition, the court granted the plaintiff's motion to voluntarily dismiss from the verified complaint the allegation of lacerations. The defendant timely appealed.

■ On appeal, the defendant first contends that the trial court erred in denying her motion for Rule 137 sanctions. Rule 137 imposes an affirmative duty on both litigants and counsel to conduct an investigation of the facts and the law before the filing of an action, pleading, or other paper. *O'Brien & Associates, P.C. v. Tim Thompson, Inc.*, 274 Ill. App. 3d 472, 482 (1995). As this court has noted, Rule 137:

> "[R]equires that a party or litigant sign pleadings and other legal papers to certify that he or she has read the document, has made a reasonable inquiry into its basis, and believes that it is well grounded in fact and in law, or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *North Shore Sign Co. v. Signature Design Group, Inc.*, 237 Ill. App. 3d 782, 789-90 (1992).

A reviewing court will not reverse a trial court's decision whether to impose sanctions absent an abuse of discretion. *O'Brien*, 274 Ill. App. 3d at 482. In order to allow the appellate court to make an informed and reasoned review of the sanction decision, however, the trial court must set forth the reasons and basis for its decision *even if sanctions are not imposed*. See *O'Brien*, 274 Ill. App. 3d at 482-83.

■ In the case at bar, the trial court failed to set forth any reason or basis for its decision to deny the defendant's motion for sanctions.

Although the written order specified that the motion was denied "for the reasons stated on the record," the report of proceedings reveals only the following explanation by the trial court: "Rule 137, that's within the discretion of the court to award or not to award. I'm exercising that discretion in this case. I will not award Rule 137 [sanctions] against [the plaintiff or her counsel]." The record does not demonstrate that the court adopted the plaintiff's rationale in denying the motion, nor does it provide us with the legal or factual basis for the court's decision. Accordingly, we reverse the court's decision to deny the defendant's motion for Rule 137 sanctions and remand this cause for further proceedings to allow the trial court to "make the specific findings of fact or law to support its decision and to facilitate appellate review" (*North Shore*, 237 Ill. App. 3d at 791-92).

■ Next, the defendant argues that the trial court erred in imposing sanctions against her because (1) Rule 91(b)'s requirement that a party in a civil action submit her case to and appear in person before an arbitration panel as a prerequisite to a jury trial is an impermissible and unconstitutional restriction to her right to trial by jury; (2) she arbitrated in good faith; (3) the sanction was excessive; and (4) the judgment was unfair.

As to the defendant's first contention, we find the opinion of the Appellate Court, First District, in *Williams v. Dorsey,* 273 Ill. App. 3d 893 (1995), to be instructive. The *Williams* court addressed a similar constitutional attack as to Supreme Court Rule 90(g), which authorizes a trial court to debar a party who fails to comply with notice pursuant to Rule 237(b) from rejecting an arbitration award (145 Ill. 2d R. 90(g)). *Williams*, 273 Ill. App. 3d at 904. As the *Williams* court stated:

"We agree with defendants that the right to a jury trial is 'jealously guard[ed]' by courts. [Citation.] However, the rules governing mandatory arbitration do not foreclose a litigant's access to court and to a jury trial. *** [A] party may reject an arbitration award for any reason. However, in the context of an arbitration proceeding, just as at trial, a party may lose the right to proceed with a jury trial as a sanction for violating certain rules. 134 Ill. 2d Rules 219 (c), 237(b); 145 Ill. 2d R. 90(g); [citation].

Other jurisdictions have found similar mandatory arbitration procedures constitutional. [Citations.] The determinative criterion of mandatory arbitration's constitutionality is the preservation of the right to a jury trial through the parties' ability to reject or appeal the award. [Citations.]

Under Illinois' rules, parties have the right of rejection—unless they are subjected to a sanction debarring rejection. Accordingly, in light of the above-cited authorities and the fact that, in Illinois,

the supreme court itself promulgated the rules governing arbitration, it would appear to be all too sanguine for defendants to urge that Rule 90(g) is an unconstitutional infringement upon the right to a jury trial." *Williams*, 273 Ill. App. 3d at 904-05.

In light of the holding in *Williams*, it would be absurd to conclude that the authority of a trial court to debar a party from rejecting an arbitration award as a sanction for failing to comply with arbitration rules is somehow constitutional if imposed under Rule 90(g) but not under Rule 91(b). Given our duty to interpret the mandatory arbitration rules harmoniously and to avoid an interpretation that would lead to absurd results (*Martinez v. Gaimari*, 271 Ill. App. 3d 879, 884 (1995)), we reject the defendant's argument.

We note also that the plaintiff's motion sought, and the trial court expressly imposed, sanctions pursuant to Rule 237 as well. In addition to the Rule 91(b) finding that the defendant failed to present any evidence as to the third-party complaint, the arbitration award found that the defendant's failure to appear at the hearing pursuant to notice constituted noncompliance with Rule 237. A party who fails to comply with a Rule 237(b) notice to produce is subject to the sanctions allowed under Rule 219(c), which authorizes a trial court to impose a wide range of sanctions for a party's unreasonable refusal to comply with discovery. *Williams*, 273 Ill. App. 3d at 900-01; 134 Ill. 2d Rs. 237(b), 219(c). As noted above, moreover, Rule 90(g) authorizes a court to debar a party from rejecting an arbitration award for noncompliance with Rule 237(b) notice. 145 Ill. 2d R. 90(g). Thus, the trial court's action in debarring the defendant from rejecting the award was constitutionally authorized under both Rules 91(b) and 90(g).

The defendant's remaining arguments rest largely on the contention that her failure to appear at the arbitration hearing resulted only from her nonreceipt of the letter advising her of the rescheduled date. It is well settled, however, that notice to an attorney is notice to the client, and the knowledge of an attorney will be imputed to the client. *Williams*, 273 Ill. App. 3d at 898. Further, the fact that the defendant was not informed of the date of the hearing does not constitute an excuse for her failure to appear. *Williams*, 273 Ill. App. 3d at 898.

Turning to an examination of the sanctions imposed, we note that the applicable standard of review is whether the trial court abused its discretion. *Williams*, 273 Ill. App. 3d at 901. See also *Smith v. Johnson*, 278 Ill. App. 3d 387 (1996). An abuse of discretion occurs when the court's ruling is arbitrary or exceeds the bounds of reason. *Williams*, 273 Ill. App. 3d at 901. After a careful review of the rec-

ord, we cannot say that the trial court abused its discretion in debarring the defendant from rejecting the arbitration award or in awarding $2,537 in attorney fees.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed in part and reversed in part, and the cause is remanded with directions.

Affirmed in part and reversed in part; cause remanded with directions.

McLAREN, P.J., and HUTCHINSON, J., concur.