STATE FARM INSURANCE COMPANY, as Subrogee of Jonathan Blaze, Plaintiff-Appellee, v. CHRISTIAN GEBBIE, Defendant-Appellant.

First District (1st Division)   No. 1—96—2774

Opinion filed May 19, 1997.

Keely Truax, of Parrillo, Weiss & O'Halloran, of Chicago, for appellant.

Sharon M. Peart and Mick Ricaurte, both of Stevenson, Rusin & Friedman, Ltd., of Chicago, for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:

Defendant Christian Gebbie appeals from an order of the circuit court of Cook County that barred him from rejecting an arbitration award.

The common law record on appeal establishes that, on August 16, 1994, plaintiff State Farm Insurance Company, as subrogee of Jonathan Blaze, filed a complaint against defendant seeking recovery of $11,546.32, the property damage to Blaze's vehicle. The complaint alleged that on May 28, 1993, defendant negligently drove his vehicle in the wrong direction on Wolfram Street in Chicago, a one-way designated street, at an improperly high speed, failed to yield the right-of-way at the intersection with Mildred Street and collided with Blaze's vehicle, which was being driven by Chris Hudquist.

Defendant filed an unsigned third-party complaint for contribution, alleging that Hudquist operated Blaze's vehicle in a negligent manner. The circuit court subsequently granted plaintiff's motion to strike that pleading. In October 1995, plaintiff filed a request to admit facts, a request to produce, and interrogatories. On January 8, 1996, the court ordered that discovery be completed by January 26 and assigned the cause to mandatory arbitration. On January 16, plaintiff filed a motion to compel defendant to answer discovery or be barred from testifying or presenting evidence at trial and arbitration. The court granted defendant until February 20, 1996, to comply with outstanding written discovery and ordered that if he failed to comply, he would be barred from presenting evidence at arbitration and trial. On February 7, 1996, plaintiff filed another notice to produce pursuant to Supreme Court Rule 237 (134 Ill. 2d R. 237), specifically requesting that defendant appear for adverse examination at the arbitration hearing pursuant to section 2—1102 of the Code of Civil Procedure (735 ILCS 5/2—1102 (West 1994)). The record on appeal contains plaintiff's answers to defendant's interrogatories but does not contain defendant's completed written discovery documents. Defendant states on appeal that he was barred from presenting any ev-

idence at arbitration, and plaintiff states that defendant did not complete discovery or seek to vacate the court's order barring him from presenting evidence.

Defendant was represented by counsel at the arbitration hearing on May 23, 1996, but did not attend personally. A panel of three arbitrators found in favor of plaintiff and against defendant in the amount of $11,000. Plaintiff then filed a motion to bar defendant from rejecting the arbitration award based on defendant's failure to appear at the arbitration hearing in violation of Supreme Court Rule 237(b), which the circuit court granted after a hearing.

Defendant contends on appeal that the circuit court erroneously barred him from rejecting the arbitration award, because his counsel participated in good faith, and that the sanction was excessive, violated the Illinois Constitution and the enabling statute and punished the wrong party, the insurance company, in violation of public policy. We disagree.

■ Supreme Court Rule 237(b) provides that the appearance of a party may be required by serving the party with notice that designates the person who is required to appear. 134 Ill. 2d R. 237(b). If a party refuses to comply with discovery rules or an order of the circuit court, the court may enter any order that is just, including enumerated remedies. 134 Ill. 2d R. 219(c). Supreme Court Rule 90(g), regarding mandatory arbitration, provides that among remedies for a party's failure to comply with notice pursuant to Supreme Court Rule 237(b) is an order barring that party from rejecting the award. 145 Ill. 2d R. 90(g); *Williams v. Dorsey*, 273 Ill. App. 3d 893, 901, 903 (1995). A party's failure to participate in an arbitration hearing in good faith and in a meaningful manner provides a separate basis for barring him from rejecting an arbitration award. 145 Ill. 2d R. 91(b); *Smith v. Johnson*, 278 Ill. App. 3d 387, 389 (1996).

■ We reject defendant's argument that Supreme Court Rule 90(g) is unconstitutional. This court has previously decided that issue adversely to defendant's position. *Williams*, 273 Ill. App. 3d at 904.

■ We also reject defendant's argument that Rule 90(g) violates section 2—1004A of the Code of Civil Procedure (735 ILCS 5/2—1004A (West 1994) (providing authorization for a court to send a case to arbitration and for a party to reject the award)) by exceeding its authority pursuant to that section. Defendant contends that the supreme court exceeded its authority when it enacted Rule 90(g), providing that a party may be barred from rejecting the arbitration award. Defendant argues that any power "which derives its authority from the legislature is confined to the provisions within the enabling statute." It is the Illinois Constitution, however, rather than

the legislature, which clearly authorizes the supreme court to promulgate procedural rules. *O'Connell v. St. Francis Hospital*, 112 Ill. 2d 273, 280-81 (1986). Moreover, the statute governing mandatory arbitration (735 ILCS 5/2—1001A *et seq.* (West 1994)) provides that our supreme court may promulgate rules and adopt procedures to establish and maintain mandatory arbitration. 735 ILCS 5/2—1001A, 2—1002A (West 1994). In addition, section 2—1004A, although providing for a party's rejection of an award, also recognizes the supreme court's authority to limit this right as "prescribed by rule." Rule 90(g) does not bar a litigant's access to a trial by jury unless he himself loses that right by failing to comply with authorized rules. *Williams*, 273 Ill. App. 3d at 904. Thus, the requirement that a litigant must comply with a Rule 237(b) notice or risk being barred from rejecting an arbitration award is a properly authorized procedural requirement. Furthermore, if a supreme court rule and a statute on the same subject conflict, the rule prevails. *O'Connell*, 112 Ill. 2d at 281. Thus, defendant's argument has no merit.

■ Defendant's argument that barring him from rejecting the award punishes the wrong party, the insurance company, is supported by conclusional statements only and is unsupported by citation to relevant authority in violation of Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)), and we thus consider the argument waived. *People v. Williams*, 267 Ill. App. 3d 82, 86 (1994).

■ In this case, despite notice pursuant to Supreme Court Rule 237(b), defendant did not appear in person at the arbitration hearing. Thus, the circuit court had authority pursuant to Supreme Court Rule 90(g) to bar defendant from rejecting the award. The fact that defendant's attorney was present at the arbitration hearing did not preclude the circuit court's entry of an order barring defendant from rejecting the award. *Williams*, 273 Ill. App. 3d at 900. Defendant's argument that, because he was barred from presenting evidence at the arbitration, he "did all he was allowed to do at the arbitration" by being present through counsel is unavailing. Defendant's wilful violation of discovery cannot excuse his failure to appear personally at the arbitration hearing. We note that on February 7, 1996, plaintiff specifically requested that defendant appear for adverse examination pursuant to section 2—1102 of the Code of Civil Procedure (735 ILCS 5/2—1102 (West 1994) (party may be called and examined as if under cross-examination)). Subsequently, defendant violated the court's order that he comply with plaintiff's written discovery by February 20, 1996, or be barred from presenting evidence at the arbitration or trial. Defendant claims that the court's order prevented him from testifying "in either the plaintiff's or the defendant's case." However,

the court's order stated only that if defendant failed to comply with plaintiff's written discovery by February 20, 1996, "defendant will be barred from presenting evidence at arbitration and/or trial." Thus, although the court barred defendant from presenting a case, it did not bar plaintiff from calling and examining him as an adverse party.

The court's discretion in determining what sanction is appropriate will not be disturbed on review absent an abuse of discretion. *Kellett v. Roberts*, 281 Ill. App. 3d 461, 466 (1996). We find no abuse of discretion in this case; the circuit court's order barring defendant from rejecting the arbitration award was an appropriate sanction within the court's authority and discretion. *Smith*, 278 Ill. App. 3d at 390-92; *Williams*, 273 Ill. App. 3d at 900-01.

Finally, we note that the law firm representing defendant in this case also represented the appellants in *Williams v. Dorsey*, a case that is dispositive of issues defendant raises here. Yet, despite its affirmative duty according to the Rules of Professional Conduct to cite to this court such adverse legal authority (134 Ill. 2d R. 3.3(a)(3)), it failed to do so in its opening brief and failed in its reply brief to respond to plaintiff's citation of the case.

Accordingly, the order of the circuit court is affirmed.

Affirmed.

CAMPBELL, P.J., and O'BRIEN, J., concur.