# Illinois Official Reports

## Appellate Court

---

**State Farm Mutual Automobile Insurance Co. v. Trujillo**, 2018 IL App (1st) 172927

---

| | |
|---|---|
| Appellate Court Caption | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as Subrogee of Joanna Potepa, Plaintiff-Appellee, v. JUAN TRUJILLO, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-17-2927 |
| Filed | June 28, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-M1-014547; the Hon. Deborah J. Gubin, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | William H. Ransom and Raphael D. Strzelecki, of Newman Ransom LLC, of Chicago, for appellant.<br><br>James M. O'Dea, of Chicago, for appellee. |
| Panel | JUSTICE GORDON delivered the judgment of the court, with opinion.<br>Presiding Justice Burke and Justice McBride concurred in the judgment and opinion. |

**OPINION**

¶ 1      The instant appeal arises from a lawsuit filed by plaintiff, State Farm Mutual Automobile Insurance Company, as subrogee of Joanna Potepa, against defendant, Juan Trujillo, for damages resulting from an automobile collision. The matter was submitted for mandatory arbitration, and while defendant was represented by counsel at the arbitration, defendant himself was not present during the arbitration. The arbitrators entered an award in favor of plaintiff, and defendant rejected the award. Plaintiff filed a motion to bar defendant from rejecting the award as a sanction for his absence from the arbitration, which was granted. Defendant filed a motion to reconsider, which the trial court denied. Defendant now appeals, arguing that the trial court erred in granting plaintiff's motion and in denying his motion to reconsider. For the reasons that follow, we affirm the trial court's judgment.

¶ 2      BACKGROUND

¶ 3      On October 4, 2016, plaintiff filed a complaint against defendant, alleging negligence with respect to an automobile collision that occurred on June 29, 2015, and seeking $12,365.74 in damages. On November 7, 2016, defendant, through counsel, filed an appearance and answer.

¶ 4      On November 28, 2016, plaintiff filed a "Notice to Produce at Trial and Arbitration" pursuant to Illinois Supreme Court Rule 213(e) (eff. Jan. 1, 2007), Rule 237 (eff. July 1, 2005), and Rule 90(f), (g) (eff. July 1, 2008), in which plaintiff requested, *inter alia*, that defendant produce himself "at the commencement of the case in chief of Plaintiff at the arbitration and trial of this matter."

¶ 5      On December 5, 2016, the trial court assigned the case to mandatory arbitration. On March 1, 2017, the case was set for an arbitration hearing on May 15, 2017. The notice setting the case for arbitration noted that "failure to appear shall constitute a waiver of the right to reject the award pursuant to Supreme Court Rule 91." Defendant never notified the trial court or counsel concerning defendant's unavailability to appear at the arbitration hearing.

¶ 6      The arbitration occurred on May 15, 2017, and the arbitration panel found in favor of plaintiff and against defendant in the amount of $8656.02. The arbitration award noted that "[a]ll parties participated in good faith," but also included a finding that "a 237 was filed as [to] [defendant], who was only represented by [his] attorney." On June 13, 2017, defendant filed a notice of rejection of the arbitration award and requested a trial.

¶ 7      On June 21, 2017, plaintiff filed a motion to bar defendant from rejecting the arbitration award, claiming that defendant did not appear at the arbitration after having been called as a witness by plaintiff and having been served a notice to produce himself at the arbitration. Plaintiff argued that barring the rejection of the award was an appropriate sanction for defendant's failure to appear.

¶ 8      On July 27, 2017, defendant filed a response to the motion to bar rejection of the award, in which he argued that the court had discretion over whether to debar a party from rejecting the award and may instead order another arbitration or set a trial date. Defendant argued that plaintiff's motion made no reference to prejudice suffered and that, in fact, plaintiff had not suffered any prejudice given that an arbitration award was entered in its favor. Defendant further argued that all parties involved were represented by an attorney and actively participated "as evidenced by the arbitration award in favor of Plaintiff." Defendant also

claimed that "[p]laintiff has presented no evidence of any *willful violation* or showing of a *deliberate disregard* for the arbitration process[;] in fact, Defendants' [*sic*] counsel appeared and fully participated in the hearing of May 15, 2017." (Emphases in original.) Accordingly, defendant requested that plaintiff's motion be denied and that defendant be permitted to reject the arbitration award. We note that defendant did not provide the reason for his absence in his response.

¶ 9 On August 14, 2017, the trial court entered an order granting plaintiff's motion to bar. On the same day, the trial court entered judgment on the arbitration award.

¶ 10 On September 13, 2017, defendant filed a motion to reconsider. In support of his motion, defendant claimed, in relevant part:

"1. This matter was scheduled to proceed to mandatory arbitration on May 15, 2017.

2. That prior to that time, Attorneys for the Defendant made the following reasonable attempts to secure Defendant, Juan Trujillo's, participation at the arbitration: had an investigator run a search to determine Mr. Trujillo's current address, called all known telephone numbers for Defendant, left several messages for Defendant at said telephone numbers, and sent letters to Mr. Trujillo's current address and also his last known address notifying him that he must appear at the arbitration. [Citation.]

3. Although Defendant, Juan Trujillo, did not appear at the March 15, 2017 arbitration Mr. Trujillo did appear through his attorney, Lauren A. Rozich.

[4.] Furthermore, for Defendant's case-in-chief Ms. Rozich presented testimony from Plaintiff's insured, Joanna Potepa, as an adverse witness to dispute liability."

Defendant further claimed that "on August 14, 2017, following a hearing on Plaintiff's Motion to Bar, the Court found that the Defendant failed to participate in good faith and a reasonable manner at the arbitration."

¶ 11 Defendant argued that the trial court erred in its previous application of existing law because it was an abuse of the trial court's discretion to find that defendant failed to participate in the arbitration in good faith and in a meaningful manner solely on the ground that defendant did not appear at the arbitration hearing.

¶ 12 Attached to the motion to reconsider were two letters from defendant's law firm to defendant, notifying him that he was required to appear at the arbitration hearing; the letters were both dated March 3, 2017, but were addressed to defendant at two different addresses.

¶ 13 On October 26, 2017, the trial court entered an order denying defendant's motion to reconsider. In a section entitled "History of the Case" the trial court found that on August 14, 2017, there was a hearing on plaintiff's motion to bar the rejection of the arbitration award at which no court reporter was present. The court found that "[a]t the hearing Defense counsel failed to explain Defendant's absence; did not present any affidavits; failed to state what if any steps had been taken to have Defendant at the Arbitration; or if any steps had been taken to inquire as to the reason for his absence." The trial court further found that, on September 13, 2017, defendant filed a motion to reconsider, which "attaches two letters sent to the Defendant informing him of the arbitration and his need to appear; no affidavit is attached as to actual contact with Defendant; no affidavit or statement is attached as to what actions were taken since the arbitration to contact Defendant; in addition, the motion includes a misstatement as to the basis for the Court's finding Granting Plaintiff's Motion to Bar."

¶ 14    In its analysis, the court noted:

> "Defendant's initial response to the motion argued Plaintiff had failed to show prejudice or that there was a willful violation. Neither is required. It should be noted Plaintiff [*sic*] has never presented this Court with any information as to why the Defendant was absent. There has never been any showing that counsel for the Defendant has made contact with the Defendant after the arbitration to obtain information or even if any attempts were made to contact the Defendant. No affidavits have been filed.
>
> After reading the submitted materials and hearing argument this Court granted Plaintiff's Motion to Bar Rejection. The basis for the motion was a violation of Supreme Court Rule 237 and that was the only basis of the ruling. This was indicated by the Court though not in the written order."

¶ 15    The court found the arguments made by defendant in his motion to reconsider to be unpersuasive, finding:

> "The only argument presented to the Court is Defendant's assertion there was a finding of 'bad faith' and whether such finding was appropriate. It should be noted this Court did not make any such finding of 'bad faith'. As previously stated the basis of the ruling was a violation of Rule 237. Therefore, the motion fails to present any evidence that the court erred in application of existing law. The Defendant has not presented any evidence there has been a change in the law since the ruling. Therefore, *** the motion fails as to any changes in the law. Defendant is attempting to argue the attached letters and statement of phone contact with the Defendant's mother[1] is newly discovered evidence. This is information that was available when Defendant filed their initial Response to the Motion to Bar. It is also lacking an appropriate affidavit. There is no information concerning attempts to explain why the Defendant was not present. Therefore the Court cannot and will not treat this as newly discovered evidence. The Motion fails to present any newly discovered evidence."

Accordingly, the trial court denied defendant's motion to reconsider.

¶ 16    Defendant filed a timely notice of appeal, and this appeal follows.

¶ 17                            ANALYSIS

¶ 18    On appeal, defendant argues that the trial court erred in granting plaintiff's motion to bar defendant from rejecting the arbitration award and further erred in denying defendant's motion to reconsider. We consider each argument in turn.

¶ 19                        I. Bar to Rejecting Award

¶ 20    We first discuss defendant's claim that the trial court erred in granting plaintiff's motion to bar. Illinois Supreme Court Rule 237 provides that the appearance of a party at trial or another evidentiary hearing may be required by serving the party with a notice designating the person

---

[1] The record on appeal does not include any allegation that there was phone contact with defendant's mother. However, there is also no report of proceedings or bystander's report of the hearing on the motion to reconsider, so it is unclear what arguments or representations were made during that hearing.

who is required to appear. Ill. S. Ct. R. 237(b) (eff. July 1, 2005). Rule 90(g) makes clear that such a notice is applicable to an arbitration hearing, providing:

> "The provisions of Rule 237, herein, shall be equally applicable to arbitration hearings as they are to trials. The presence of a party may be waived by stipulation or excused by court order for good cause shown not less than seven days prior to the hearing. Remedies upon a party's failure to comply with notice pursuant to Rule 237(b) may include an order debarring that party from rejecting the award." Ill. S. Ct. R. 90(g) (eff. July 1, 2008).

In the case at bar, plaintiff filed a motion pursuant to Rule 90(g) to bar defendant from rejecting the arbitration award due to his failure to comply with Rule 237 by virtue of his absence from the arbitration hearing. Defendant argues that his absence from the hearing did not justify the sanction of barring him from rejecting the award because defendant's attorney was present at the hearing and participated in the arbitration. We do not find this argument persuasive.

¶ 21        "Absent an abuse of discretion, the court's imposition of a sanction will not be disturbed on review." *Bachmann v. Kent*, 293 Ill. App. 3d 1078, 1081 (1997). "An abuse of discretion occurs when the court's ruling is arbitrary or exceeds the bounds of reason." *Kellett v. Roberts*, 281 Ill. App. 3d 461, 466 (1996). "The burden is on the offending party to show that its noncompliance was reasonable or the result of extenuating circumstances." *Johnson v. Saenz*, 311 Ill. App. 3d 693, 697 (2000). Here, we cannot find that the trial court's barring defendant from rejecting the arbitration award was an abuse of discretion. Debarring a party from rejecting an arbitration award is expressly permitted under Rule 90(g) as a sanction for failure to comply with Rule 237(b). See Ill. S. Ct. R. 90(g) (eff. July 1, 2008). As a result, numerous courts have upheld the imposition of such a sanction based solely on a party's absence from an arbitration hearing in violation of Rule 237. See, *e.g.*, *Bachmann*, 293 Ill. App. 3d at 1083; *State Farm Insurance Co. v. Gebbie*, 288 Ill. App. 3d 640, 643-44 (1997); *Kellett*, 281 Ill. App. 3d at 466. We cannot find the trial court's decision to do so in this case was in any way impermissible.

¶ 22        Additionally, defendant provides no evidence that his noncompliance "was reasonable or the result of extenuating circumstances." *Johnson*, 311 Ill. App. 3d at 697. His response to plaintiff's motion to bar did not explain the reason for his absence. The record on appeal does not contain a report of proceedings or bystander's report of the hearing on the motion to bar but, in its order denying defendant's motion to reconsider, the trial court expressly found that at that hearing, "Defense counsel failed to explain Defendant's absence; did not present any affidavits; failed to state what if any steps had been taken to have Defendant at the Arbitration; or if any steps had been taken to inquire as to the reason for his absence." Thus, defendant provided no excuse whatsoever for his absence from the hearing. In his motion to reconsider, defendant attached two letters from counsel notifying defendant of the hearing and claimed that counsel had attempted to contact defendant by telephone, but as the trial court found, there were no affidavits supporting these claims. In short, as the trial court found, defendant "has never presented this Court with any information as to why the Defendant was absent. There has never been any showing that counsel for the Defendant has made contact with the Defendant after the arbitration to obtain information or even if any attempts were made to contact the Defendant. No affidavits have been filed." This situation is thus entirely distinguishable from that present in *Johnson*, where confusion and miscommunication resulted in the defendant appearing in the wrong location. See *Johnson*, 311 Ill. App. 3d at 699 (reversing sanctions

- 5 -

where defendant spoke little English and appeared at the courthouse instead of the arbitration center, where she was told to wait in a courtroom instead of being directed to the correct location). Accordingly, we cannot find that the trial court abused its discretion in debarring defendant from rejecting the award.

¶ 23 We are unpersuaded by defendant's suggestion that the presence of counsel at the arbitration hearing somehow cures any violation. "The attendance of counsel at an arbitration hearing preserves the right to reject an arbitration award. [Citation.] However, the attendance of counsel does not preclude the trial court from entering an order debarring a party from rejecting the award as a sanction. [Citations.] Under Supreme Court Rule 90(g), it is within the trial court's authority to bar a party from rejecting an award as a sanction for failing to comply with a notice to appear under Rule 237(b). [Citations.]" *Bachmann*, 293 Ill. App. 3d at 1081-82.

¶ 24 Additionally, defendant's focus on his counsel's presence conflates sanctions under Rule 90(g) with sanctions under Illinois Supreme Court Rule 91(b) (eff. June 1, 1993). "A party's failure to participate in an arbitration hearing in good faith and in a meaningful manner provides a separate basis for barring him from rejecting an arbitration award." *Gebbie*, 288 Ill. App. 3d at 642;. see also *United Automobile Insurance Co. v. Buckley*, 2011 IL App (1st) 103666, ¶¶ 40-44 (analyzing imposition of sanction barring rejection of award under Rule 90(g) and Rule 91(b) separately); *Bachmann*, 293 Ill. App. 3d at 1087 (distinguishing between a sanction based on violation of Rule 237 and one based on violation of Rule 91(b)); *Kellett*, 281 Ill. App. 3d at 466 (noting that debarring a party from rejecting an arbitration award was a permissible sanction under both Rule 90(g) and Rule 91(b)). In the case at bar, plaintiff requested that defendant be barred from rejecting the award pursuant to Rule 90(g), not Rule 91(b). Accordingly, defendant's Rule 91(b) arguments are irrelevant to the question of whether Rule 90(g) sanctions were properly imposed. Defendant's focus on cases in which Rule 91(b) was analyzed are thus unpersuasive to the issue present in the case at bar.

¶ 25                                    II. Motion to Reconsider

¶ 26 We also find unpersuasive defendant's claim that the trial court erred in denying his motion to reconsider. "The purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence that was not available at the time of the original hearing, changes in existing law, or errors in the court's application of the law." *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36. "A ruling on a motion to reconsider is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion." *Robidoux v. Oliphant*, 201 Ill. 2d 324, 347 (2002).

¶ 27 In the case at bar, defendant's only claim on appeal is that the trial court erred in finding unpersuasive defendant's reliance on *Nationwide Mutual Insurance Co. v. Kogut*, 354 Ill. App. 3d 1 (2004). First, we note that defendant's citation of this case came in the context of the sole basis for his motion to reconsider—that "[t]he trial court's finding that Defendant, Juan Trujillo, failed to participate in the arbitration in good faith and in a meaningful manner solely on the ground that Defendant did not appear at the hearing was an abuse of discretion." As the trial court expressly stated in its order denying the motion to reconsider, the trial court never made such a finding, which is required only when considering violations of Rule 91(b). See Ill. S. Ct. R. 91(b) (eff. June 1, 1993) ("All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner.").

- 6 -

¶ 28    Furthermore, we agree with the trial court that *Kogut* is entirely distinguishable from the instant case. Not only was *Kogut* a case concerning Rule 91(b) sanctions, which itself renders the case inapplicable to the instant litigation, but it also involved a situation in which both parties were present at the arbitration hearing—the absent party was the plaintiff's insured. The plaintiff in that case also made efforts to secure the attendance of its insured, which it attested to in an affidavit. *Kogut*, 354 Ill. App. 3d at 2. Here, by contrast, Rule 90(g) sanctions are at issue, the absent individual was one of the parties, and efforts to secure defendant's attendance were not attested to by affidavit. Accordingly, we cannot find that the trial court abused its discretion in denying defendant's motion to reconsider.

¶ 29                                          CONCLUSION

¶ 30    For the reasons set forth above, the trial court did not abuse its discretion in debarring defendant from rejecting the arbitration award and did not abuse its discretion in denying defendant's motion to reconsider.

¶ 31    Affirmed.