2025 IL App (1st) 242055-U

THIRD DIVISION
November 12, 2025

No. 1-24-2055

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| SERGIO QUINTANA-ZEPEDA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 22 L 65010 |
| | ) | |
| KRYSTIAN KUCHARZYK, | ) | Honorable Thomas W. Murphy |
| | ) | and Matthew J. Carmody, |
| Defendant-Appellee. | ) | Judges Presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Affirming the decision of the circuit court to debar rejection of an arbitration award.

¶ 2    Plaintiff Sergio Quintana-Zepeda filed a complaint in the circuit court of Cook County, and the matter was subsequently transferred to mandatory arbitration.  After plaintiff failed to appear at the arbitration hearing, the panel found in favor of defendant Krystian Kucharzyk. Plaintiff filed a rejection of the arbitration award, and defendant filed a motion to debar the rejection under Illinois Supreme Court Rule 90(g) (eff. Feb. 2, 2023) and Rule 91(b) (eff. Oct. 1, 2021).  The circuit court granted the motion and denied plaintiff's motion for reconsideration.

On appeal, plaintiff primarily contends that the circuit court abused its discretion by ordering debarment. For the reasons discussed below, we affirm.

¶ 3                                    BACKGROUND

¶ 4                               *Initiation of Litigation*

¶ 5      In August 2021, plaintiff and defendant were involved in an automobile collision. As defendant was a minor, plaintiff initially filed a verified complaint at law for negligence and property damage against defendant's mother, Dominika Kozik (Kozik), individually and as defendant's parent or guardian. Plaintiff was represented by attorney Raed Shalabi (Shalabi).

¶ 6      Plaintiff voluntarily dismissed Kozik and filed an amended complaint for negligence and property damage solely against defendant—who was no longer a minor—in March 2023. The matter was eventually transferred to the mandatory arbitration calendar following the completion of discovery. In an order entered on January 23, 2024, an arbitration hearing was scheduled for March 5, 2024, at 8:30 a.m.

¶ 7                               *Arbitration Hearing*

¶ 8      On March 5, 2024, at 12 a.m., plaintiff—through attorney Shalabi—filed an emergency motion to reschedule the arbitration hearing. The motion represented that plaintiff needed a Spanish interpreter and that counsel was "still seeking a Spanish interpreter to be present during the arbitration." Plaintiff requested a continuation of the arbitration hearing to a date in April 2024 to allow him to "seek and hire" an interpreter. The notice of motion reflected that the emergency motion was scheduled for presentment later that day, at 9:30 a.m.

¶ 9      Although plaintiff did not appear at the arbitration on March 5, 2024, attorney Fatima Abuzerr (Abuzerr) signed in at 8:30 a.m. on plaintiff's behalf; Abuzerr is employed by Shalabi's law firm. Defendant and his counsel were also present. As reflected in the written award, the

arbitration hearing commenced at 8:45 a.m. and concluded at 8:46 a.m. The three-person panel found in favor of defendant, noting that "[p]laintiff did not appear and the attorney for the plaintiff did not proceed." A box checked on the award indicated that "[a]ll parties participated in good faith." The circuit court denied the emergency motion to reschedule later that same day.

¶ 10                    *Rejection of Award and Motion to Debar Rejection*

¶ 11    On March 27, 2024, plaintiff filed a rejection of the mandatory arbitration award and paid the rejection fee. Defendant subsequently filed a motion to debar plaintiff's rejection of the arbitration award, asserting that plaintiff had failed to appear at the arbitration hearing even though defendant filed and served a notice to compel his attendance pursuant to Illinois Supreme Court Rule 237 (eff. Oct. 1, 2021). Defendant noted that Illinois Supreme Court Rule 90(g) (eff. Feb. 2, 2023) provides that "[r]emedies upon a party's failure to comply with notice pursuant to Rule 237(b) may include an order debarring that party from rejecting the award." Defendant also argued that plaintiff did not participate in the arbitration hearing in good faith and thus should be debarred from rejecting the award under Illinois Supreme Court Rule 91(b) (eff. Oct. 1, 2021). According to defendant, plaintiff did not submit a "packet of evidence" pursuant to Rule 90(c)— *e.g.*, property repair bills and other documents which are presumptively admissible—and his attorney did not present evidence or cross-examine defendant.

¶ 12    The attachments to defendant's motion to debar plaintiff's rejection included the defendant's Rule 237 notice to plaintiff. Katherine E. Linehan (Linehan), one of defendant's attorneys, also submitted an affidavit regarding the arbitration hearing. Linehan averred, in part, that Abuzerr "said her client was not coming because they did not have an interpreter."

¶ 13                    *Response to Motion to Debar Rejection*

¶ 14    Plaintiff filed a response to the motion to debar his rejection of the arbitration award.

The response provided that plaintiff's attorney—Shalabi—represented a party in an unrelated matter which was originally scheduled for trial in the circuit court of Cook County on Thursday, February 29, 2024. On that date, the judge in that other case informed Shalabi that the trial would be rescheduled to Tuesday, March 5, 2024. According to plaintiff, the judge advised Shalabi that the trial "trump[ed]" the arbitration and that "an arbitration court will have no issue rescheduling the matter given the circumstances."

¶ 15   According to the response, Shalabi intended to schedule plaintiff's emergency motion for hearing prior to the arbitration. Shalabi represented that he contacted the courthouse on Friday, March 1, 2024, to reschedule the arbitration, and he also "notified" defendant's counsel. As Monday, March 4, 2024, was a court holiday (Casimir Pulaski Day), Shalabi maintained that plaintiff's motion to reschedule could not be heard until the day of the arbitration. Plaintiff thus requested that the circuit court deny defendant's motion to debar rejection of the arbitration award, as "the only reason for the default was due to a scheduling conflict."

¶ 16   Attached to the response was an email from the judge in the other matter, which stated that Shalabi was engaged in a trial in her courtroom at the time of the arbitration hearing in this case. The judge wrote: "Unfortunately, through no fault of attorney Shalabi, the trial before me had to be rescheduled from Feb[ruary] 29, 2024[,] to the week of March 5, 2024[,] and was required to proceed on that date. I understood attorney Shalabi had a conflict with the scheduled arbitration[,] but I ordered him to proceed with the trial before me."

¶ 17                    *Debarment Order and Reconsideration*

¶ 18   During a hearing on June 25, 2024, the circuit court heard arguments on the motion to debar rejection of the arbitration award. Defendant's counsel represented that plaintiff's counsel contacted her office on Monday, March 4, 2024 (the court holiday), indicating that "they weren't

going to be proceeding on the arb[itration] that Tuesday" due to the lack of an interpreter. In her written response to that communication, defendant's counsel stated that she and her client would attend the arbitration hearing, as no order had been entered which continued the arbitration hearing. Shalabi argued, in part, that he was ordered to attend the trial in the other matter and that his associate (Abuzerr) "had no idea what's going on" with plaintiff's case.

¶ 19    Following a second hearing on June 28, 2024, the circuit court granted defendant's motion to debar plaintiff's rejection of the arbitration award. After noting that Rule 90(g) requires "good cause shown not less than seven days prior to the hearing" to excuse a witness's failure to comply with a Rule 237(b) notice to appear, the circuit court observed that plaintiff provided "conflicting statements" regarding the reason for his absence from the scheduled arbitration hearing. The circuit court opined that plaintiff should have secured an interpreter "if that was the reason" for his absence, or he should have "made other arrangements" if there was a scheduling conflict.

¶ 20    Plaintiff subsequently filed a motion to reconsider, asserting that both the lack of an interpreter and the existence of the scheduling conflict compromised his ability to participate in the arbitration hearing. By this time, the judge who granted the motion to debar (Judge Thomas W. Murphy) had retired, and a new judge (Judge Matthew J. Carmody) was assigned to the case.

¶ 21    In his response, defendant argued that reconsideration was inappropriate, as there had been no newly discovered evidence, changes in the law, or errors in the circuit court's application of existing law. Defendant noted that the scheduling conflict was not mentioned in plaintiff's emergency motion to reschedule and that plaintiff was, in fact, represented by an attorney—Shalabi's colleague Abuzerr—at the arbitration hearing. Defendant also maintained that plaintiff could have appeared at the arbitration hearing, even without an interpreter.

Defendant further argued that plaintiff's counsel did not submit a Rule 90(c) packet or otherwise present evidence or cross-examine defendant. Finally, defendant asserted that plaintiff's motion to reschedule the arbitration hearing should have been filed and heard prior to March 5, 2024. The attachments to defendant's response to the motion to reconsider included the transcripts of the hearings conducted on June 25, 2024, and June 28, 2024.

¶ 22    In his reply, plaintiff argued that the lack of an interpreter and the scheduling conflict were "genuine obstacles" and did not reflect an "intentional disregard for the arbitration process." Plaintiff's counsel represented that he informed plaintiff to not attend the arbitration, given the judge's order directing him to proceed with a trial in another matter on that date; this absence "deprived [plaintiff] of a fair hearing." The reply further posited that, without a Spanish interpreter, plaintiff would not have meaningfully participated in the arbitration hearing.

¶ 23    In a written order entered on September 10, 2024, the circuit court denied plaintiff's motion to reconsider the prior order debarring plaintiff from rejecting the arbitration award. Citing *Balciunas v. Duff*, 94 Ill. 2d 176 (1983), Judge Carmody opined that, as a "successor [j]udge," he should exercise "considerable restraint in reversing or modifying previous rulings." In the absence of newly discovered evidence, any applicable change in the law or error in the application of the law, or any additional facts or information which would warrant a modification or revision of Judge Murphy's prior order, Judge Carmody declined to reconsider the order. Plaintiff subsequently filed this timely appeal.

¶ 24                              ANALYSIS

¶ 25    Plaintiff advances three primary arguments on appeal. He initially contends that the arbitration panel violated his right to due process by disregarding the "emergency circumstances" which allegedly necessitated postponement of the arbitration hearing. Plaintiff further asserts

that the circuit court abused its discretion by debarring rejection of the arbitration award in the absence of a finding of bad faith.  Finally, plaintiff maintains that the "successor judge" (Judge Carmody) erred by denying reconsideration and thus upholding the debarment.

¶ 26    As a threshold matter, we observe that plaintiff's opening brief violates Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form and content of appellate briefs. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12.  Among other things, his statement of facts does not include consistent references to the pages of the record on appeal, and portions of his argument lack citations to legal authorities.  See Ill. S. Ct. R. 341(h)(6), (h)(7) (eff. Oct. 1, 2020).

¶ 27    A reviewing court is entitled to have the issues clearly defined with pertinent authorities cited and cohesive legal arguments presented.  *Bartlow v. Costigan*, 2014 IL 115152, ¶ 52. The parties are reminded that our supreme court rules are not suggestions but have the force of law and must be followed.  *Mitchell v. Michael's Sports Lounge*, 2023 IL App (1st) 220011, ¶ 23.  Although we may strike portions of a brief or dismiss an appeal due to noncompliance with the rules (*Ittersagen v. Advocate Health & Hospitals Corp.*, 2021 IL 126507, ¶ 37), the deficiencies of plaintiff's brief do not warrant such action herein.  We turn to the merits.

¶ 28                              *Arbitration Panel – Due Process*

¶ 29    Plaintiff argues that the arbitration panel "violated due process by proceeding without good cause."  For the reasons discussed below, we reject this contention.

¶ 30    The Illinois Supreme Court Rules have established "a nonbinding, court-annexed arbitration system to resolve certain civil actions."  *State Farm Insurance Co. v. Kazakova*, 299 Ill. App. 3d 1028, 1032 (1998).  See 735 ILCS 5/2-1001A *et seq.* (West 2024).  See also Ill. S. Ct. R. 86 (eff. Jan. 1, 1994) through Ill. S. Ct. R. 95 (eff. July 1, 2017).  The arbitration herein was conducted pursuant to this mandatory arbitration program.

¶ 31    Rule 90, addressing the conduct of a mandatory arbitration hearing, provides in part:

"(g)  Compelling Appearance of Witness at Hearing.  The provisions of Rule 237, herein, shall be equally applicable to arbitration hearings as they are to trials.  The presence of a party may be waived by stipulation or excused by court order for good cause shown not less than seven days prior to the hearing.  Remedies upon a party's failure to comply with notice pursuant to Rule 237(b) may include an order debarring that party from rejecting the award."  Ill. S. Ct. R. 90(g) (eff. Feb. 2, 2023).

In this case, defendant sent a Rule 237 notice to plaintiff, which (in pertinent part) compelled plaintiff's presence at the arbitration hearing.  To excuse plaintiff's presence at the arbitration hearing, Rule 90(g) required either a stipulation of the parties or a "court order for good cause shown not less than seven days prior to the hearing."  *Id.*  Despite the absence of such stipulation or court order in this case, plaintiff maintains that "it is Illinois common practice and standard to take into consideration an attorney's availability, especially in cases that involve hearings or trials."  To the extent that plaintiff is suggesting that the arbitration panel could have unilaterally excused plaintiff's noncompliance with the Rule 237 notice, he has provided no legal support for this proposition.  See *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010) (noting that "[b]oth argument and citation to relevant authority are required" under Rule 341).

¶ 32    Plaintiff also cites section 5(a) of the Uniform Arbitration Act, which provides, in part, that "arbitrators may adjourn the hearing from time to time as necessary and, on request of a party and for good cause, or upon their own motion may postpone the hearing***."  710 ILCS 5/5(a) (West 2024).  As defendant accurately observes, however, the Code of Civil Procedure expressly states that the provisions of the Uniform Arbitration Act "shall not be applicable to the proceedings" under the mandatory arbitration system.  735 ILCS 5/2-1006A (West 2024).

¶ 33　The remainder of plaintiff's contentions are equally unavailing.  He asserts that the arbitration panel was provided "three justifiable excuses as to why a continuance was needed, yet the panel proceeded with the arbitration."[1]  As discussed above, there is no indication that the arbitration panel had the authority to postpone the hearing.  We further observe that the record, including the uncontroverted affidavit from defendant's counsel Linehan regarding the arbitration hearing, suggests that the scheduling conflict of plaintiff's counsel was not relayed to the arbitration panel.

¶ 34　Plaintiff also argues that, despite his absence and his counsel's failure to present a case, "the arbitration panel pursuant to Illinois [l]aw should have proceeded with [d]efendant's case and evidence[;] however, that is not what occurred."  We disagree with this assessment.  Without the presentation of plaintiff's case in chief to the arbitration panel, defendant had no "case" to present.  *Peach v. McGovern*, 2019 IL 123156, ¶ 53 (providing that "[i]n an automobile negligence case, the burden is on the plaintiff to establish a negligence cause of action," *i.e.*, "[t]he plaintiff must prove that the defendant was negligent and that the defendant's negligence was a direct and proximate cause of an injury sustained by the plaintiff"); *Government Employees Insurance Co. v. Campbell*, 335 Ill. App. 3d 930, 934 (2002) (concluding that the plaintiff "failed to produce the necessary witness and documentation with regard to damages" at the arbitration hearing and thus "failed to establish a *prima facie* case of negligence").

¶ 35　For the foregoing reasons, we reject plaintiff's challenges directed against the conduct of the arbitration panel.  We next consider his challenges to the circuit court's debarment ruling.

---

[1] Although not entirely clear, the brief appears to suggest that the three purported reasons were (a) plaintiff's language barrier and the lack of an interpreter; (b) plaintiff's counsel's scheduling conflict; and (c) the filing of the emergency motion which was scheduled for presentation later that morning.

¶ 36                                    *Circuit Court Ruling*

¶ 37    Plaintiff contends that the circuit court erred in debarring his rejection of the arbitration award. The decision whether to debar a party from rejecting an arbitration award rests within the sound discretion of the circuit court. *Easter Seal Rehabilitation Center for Will-Grundy Counties, Inc. v. Current Development Corporation*, 307 Ill. App. 3d 48, 50 (1999). "A court of review will not reverse a circuit court's decision to debar a party from rejecting an arbitration award unless the decision was an abuse of discretion, that is, arbitrary or exceeding the bounds of reason." *Anderson v. Mercy*, 338 Ill. App. 3d 685, 688 (2003).

¶ 38    Plaintiff directs us to Rule 91(b), which provides in part:

>      "(b) Good-Faith Participation. All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner. If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award. Such award shall be *prima facie* evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner and a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), including, but not limited to, an order debarring that party from rejecting the award[.]" Ill. S. Ct. R. 91(b) (eff. Oct. 1, 2021).

Subsection (b) was added in 1993 due to "complaints by arbitrators that some parties and lawyers would merely attend but refuse to participate in arbitration." Ill. S. Ct. R. 91(b), Committee Comments (adopted June 1, 1993).

¶ 39    Plaintiff contends that the circuit court abused its discretion by debarring rejection of the arbitration award without a bad-faith finding. As plaintiff correctly observes, a box was checked

on the arbitration award which stated: "All parties participated in good faith." Such notation on the arbitration award is puzzling, given plaintiff's absence and his attorney Abuzerr's failure to proceed at the arbitration hearing. We further note that Rule 91(b) requires the parties to participate in the arbitration hearing "in a meaningful manner." Ill. S. Ct. R. 91(b) (eff. Oct. 1, 2021). As the arbitration award indicates that the arbitration hearing commenced at 8:45 a.m. and concluded one minute later at 8:46 a.m., we would be hard-pressed to characterize any purported participation therein as "meaningful," even in the absence of a transcript. See, *e.g.*, *Saldana v. Newmann*, 318 Ill. App. 3d 1096, 1099 (2001) (noting that the entry of the written arbitration award at 8:52 a.m. on the date of the arbitration hearing supported "a reasonable inference that [t]here was no meaningful participation").

¶ 40     More significantly, however, the circuit court did not rely on Rule 91(b) as a basis for its decision. Rather, the circuit court debarred plaintiff's rejection of the arbitration award based on Rule 90(g) (discussed above), as a sanction for plaintiff's failure to comply with a Rule 237(b) notice to appear. Rule 90(g) and Rule 91(b) set forth separate bases for debarring a party from rejecting an award. *State Farm Insurance Co. v. Gebbie*, 288 Ill. App. 3d 640, 642 (1997). See also *State Farm Mutual Automobile Insurance Company v. Trujillo*, 2018 IL App (1st) 172927, ¶ 24 (stating that "defendant's Rule 91(b) arguments are irrelevant to the question of whether Rule 90(g) sanctions were properly imposed").

¶ 41     As discussed above, Rule 237(b) provides that "the appearance of a party may be required by serving the party with notice which designates the person who is required to appear." *Gebbie*, 288 Ill. App. 3d at 642. See Ill. S. Ct. R. 237(b) (eff. Oct. 1, 2021). Rule 90(g) provides that the remedies for a party's failure to comply with a notice pursuant to Rule 237(b) include an order debarring the party from rejecting an award in a mandatory arbitration. *Gebbie*, 288 Ill.

11

App. 3d at 642. See Ill. S. Ct. R. 90(g) (eff. Feb. 2, 2023). Based on our review of the record herein, the circuit court did not abuse its discretion in imposing this sanction.

¶ 42    Despite notice pursuant to Rule 237(b), plaintiff did not appear in person at the arbitration hearing. Under Rule 90(g), the circuit court thus had authority to debar plaintiff from rejecting the award. *Gebbie*, 288 Ill. App. 3d at 642. The attendance of attorney Abuzerr did not preclude the circuit court from entering an order debarring plaintiff from rejecting the award as a sanction. See *Trujillo*, 2018 IL App (1st) 172927, ¶ 23; *Bachmann v. Kent*, 293 Ill. App. 3d 1078, 1081-82 (1997). Furthermore, the requirements of Rule 237(b) would have been satisfied even if plaintiff had appeared without a Spanish interpreter. *E.g.*, *West Bend Mutual Insurance Co. v. Herrera*, 292 Ill. App. 3d 669, 675 (1997) (noting "there is no provision that the witness provide[s] an interpreter, if one is necessary," but rather Rule 237 simply requires that a witness " 'appear' "). See also *Kazakova*, 299 Ill. App. 3d at 1033 (finding that Rule 237 "requires defendant to appear, and that is what defendant did"). Simply put, numerous courts have upheld the imposition of the sanction of debarment based solely on a party's absence from an arbitration hearing in violation of Rule 237. *Trujillo*, 2018 IL App (1st) 172927, ¶ 21 (compiling cases).

¶ 43    We further observe that plaintiff has not satisfied his burden of demonstrating that his noncompliance "was reasonable or the result of extenuating circumstances," as provided in *Johnson v. Saenz*, 311 Ill. App. 3d 693, 698-99 (2000). The defendant in *Johnson* traveled to the courthouse on the date of the arbitration hearing but went to a courtroom in the wrong building based on a miscommunication with court personnel. *Id.* at 698. The appellate court held that the circuit court abused its discretion in barring the defendant from rejecting the arbitration award where "there was no evidence that defendant's failure to appear at the hearing was the result of a deliberate and pronounced disregard for the rules and the court." *Id.*

¶ 44    Unlike the *Johnson* defendant, plaintiff has failed to show that his noncompliance with the Rule 237 notice was reasonable or the result of extenuating circumstances. Plaintiff admittedly did not even attempt to appear at the arbitration hearing and has offered shifting, and arguably inconsistent, excuses for such absence. For example, his emergency motion to reschedule the arbitration hearing provided that "counsel is still seeking a Spanish interpreter." In his subsequent response to defendant's motion to debar, plaintiff represented that "the only reason for a default was due to a scheduling conflict." The appellant's brief now posits that "indeed, a Spanish interpreter could have been secured, however, that places the burden on [p]laintiff to pay for an interpreter knowing that an arbitration will not take place given that the lead attorney cannot appear."

¶ 45    Based on the foregoing, we conclude that the circuit court's order debarring plaintiff's rejection of the arbitration award did not constitute an abuse of discretion.

¶ 46                         *Denial of Reconsideration*

¶ 47    Plaintiff maintains that the successor judge who denied the motion to reconsider failed to correct the "misapplication of Rule 91(b)" by the original judge who ordered the debarment. We reject this contention. As discussed above, the order debarring rejection of the arbitration award was based on Rule 90(g), not on Rule 91(b). Furthermore, we have concluded that the circuit court did not abuse its discretion in debarring plaintiff's rejection of the arbitration award based on Rule 90(g). Given the absence of any newly discovered evidence, changes in the law, or errors in the circuit court's previous application of existing law, we find that plaintiff's motion to reconsider was properly denied. See *Liceaga v. Baez*, 2019 IL App (1st) 181170, ¶ 25. See also *In re Marriage of Zander*, 273 Ill. App. 3d 669, 673 (1995) (noting that the respondent was not entitled to a new trial "if happenstance or court procedure requiring the rotation of judges

prevents the original judge from presiding over post-trial motions").

¶ 48                                   CONCLUSION

¶ 49    For the reasons discussed herein, the judgment of the circuit court of Cook County is

affirmed in its entirety.

¶ 50    Affirmed.