# Illinois Official Reports

## Appellate Court

---

> ### *United Services Auto Ass'n v. Gobenciong Selina*, 2019 IL App (1st) 182275

---

| | |
|---|---|
| Appellate Court Caption | UNITED SERVICES AUTO ASSOCIATION, Plaintiff-Appellant, v. DAWN GOBENCIONG SELINA, Defendant-Appellee. |
| District & No. | First District, Fourth Division<br>No. 1-18-2275 |
| Filed | December 12, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-M1-15375; the Hon. Jim Ryan, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Jeffrey S. Deutschman, of Deutschman & Associates, P.C., of Chicago, for appellant.<br><br>Samiha H. Yousuf and Faizan A. Khan, both of Chicago, for appellee. |
| Panel | JUSTICE LAMPKIN delivered the judgment of the court, with opinion.<br>Justices Reyes and Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1       Plaintiff insurer United Services Auto Association (United) filed a subrogation action to recover property damages as a result of a vehicle collision between its insured and the defendant driver, Dawn Gobenciong Selina. At the mandatory arbitration hearing, United failed to comply with defendant's request to produce United's adjustor. The arbitration panel denied defendant's request for a bad faith finding against United, found instead that all the parties had participated in the hearing in good faith, and issued an award in favor of United.

¶ 2       Defendant rejected the arbitration award, requested a hearing in the circuit court, and subsequently moved the court to bar United from presenting any evidence and testimony at trial as a sanction for United's failure to produce its adjustor. The circuit court granted defendant's motion and subsequently denied United's motion to reconsider that ruling. Thereafter, the circuit court granted defendant's motion for a directed verdict.

¶ 3       On appeal, United argues that the circuit court erred when it (1) barred United from introducing any evidence or testimony at trial as a sanction for United's failure to produce its adjustor at the arbitration hearing where that failure was inadvertent and the arbitration panel found that United had participated in the hearing in good faith, (2) denied United's motion for reconsideration based on the court's erroneous application of existing law to the facts of this case, and (3) entered a directed verdict at trial as a result of these erroneous rulings.

¶ 4       For the reasons that follow, we hold that the circuit court abused its discretion when it barred United from presenting any evidence or testimony at the trial based on United's failure to produce its adjuster at the prior mandatory arbitration hearing where the arbitration panel found that all the parties had participated in the hearing in good faith and the circuit court's severe sanction extended to other issues in the case unrelated to the absence of the adjuster. Accordingly, we reverse the judgment of the circuit court and remand this matter for further proceedings.[1]

¶ 5                                   I. BACKGROUND

¶ 6       On January 22, 2016, United's insured, Darius Karalis, and defendant were in a vehicle collision on Interstate 55 in Hodgkins, Illinois. In November 2016, United filed its complaint for subrogation against defendant, alleging she negligently collided with the rear end of Karalis's vehicle because she drove too closely behind it and failed to drive at a reasonable speed, keep a proper lookout, maintain control of her vehicle, and keep her braking mechanism in good working order. United requested $7079.62 in damages as the amount it was required to expend under the terms of the deductible collision clause of its insurance policy with Karalis. The case was ordered to mandatory arbitration to determine liability and damages.

¶ 7       During discovery, defendant, pursuant to Illinois Supreme Court Rule 237(b) (eff. July 1, 2005), served United with a notice requiring the presence of Karalis and "an adjuster or representative from United who can competently testify regarding the alleged damages *** at the trial/arbitration in order that Defendant may call as witness."

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 8        In June 2017, United filed a motion with the circuit court to excuse the adjustor from the arbitration. United argued that it would produce its insured driver; this was a property damage subrogation case rather than a total loss claim; the alleged damages were $7079.62 and the paid vehicle repair bill was a presumptively admissible document pursuant to Illinois Supreme Court Rule 90(c) (eff. July 1, 2008); and requiring an adjuster to testify at the arbitration would not further the case, add any additional pertinent testimony, or bolster defendant's case. This motion was scheduled for hearing on July 12, 2017, but was stricken when United failed to appear.

¶ 9        Prior to the arbitration, United served on defendant its Rule 90(c) package, which consisted of photographs of Karalis's damaged vehicle and one paid bill for $5079.62 for repairs to his vehicle.

¶ 10       The arbitration hearing commenced on December 13, 2017, at 10:30 a.m. and ended at 11:25 a.m. That same day, the arbitration panel issued an award, which indicated that all the parties were present and had participated in good faith. The panel issued an award in favor of United and against defendant. The panel awarded United $5079.62 plus $878 for court costs. In January 2018, defendant timely rejected the arbitration award and requested a trial before the circuit court.

¶ 11       Defendant also moved the court to bar United from presenting any evidence or testimony at the trial as a sanction for failing to (1) comply with defendant's Rule 237(b) request "demanding the presence of a representative" of United and (2) participate in the arbitration in good faith and in a meaningful manner pursuant to Illinois Supreme Court Rule 91(b) (eff. June 1, 1993).

¶ 12       Regarding her Rule 237(b) claim, defendant argued that United did not object to defendant's Rule 237(b) request, the court did not excuse United's adjuster from attending the arbitration, and United's failure to comply with the Rule 237(b) request left defendant unable to cross-examine or call as an adverse witness a representative of United at the arbitration hearing on the issue of damages.

¶ 13       Regarding her Rule 91(b) claim, defendant argued that United was subject to sanctions for failing to participate in the arbitration hearing in good faith and in a meaningful manner. Specifically, defendant asserted that United's failure to appear at the hearing through a representative frustrated the purpose of the arbitration hearing, failed to subject the case to the type of adversarial testing that is expected at trial, and "made a complete mockery of the arbitration process." Defendant stated, "Through the absence of its only occurrence witness at the arbitration proceeding, [United] did not subject the arbitration to the type of adversarial testing expected at trial that the Supreme Court intended." Defendant argued that (1) "[United's] adjuster was an essential witness whose cross-examination was necessary for the purposes of both establishing and disputing damages from the estimate report," (2) the adjuster's absence prejudiced defendant by denying her the right to "cross-examine regarding the essential elements of [United's] case," and (3) no other witness presented by United "could testify regarding [United's] estimate report."

¶ 14       In response, United stated that the court routinely grants motions to excuse an adjuster from an arbitration hearing when a small claims property damage case involves a paid bill and that United's counsel usually brings such motions at the court's morning routine motion call but failed to do so in this case due to an "unintentional administrative error." Furthermore, when defense counsel, who did not call a claims adjuster as a witness during defendant's case-in-

chief, requested a bad faith finding during closing argument, the arbitration panel rejected that request, finding instead that all the parties had participated in the hearing in good faith. United also argued that defendant suffered no prejudice due to the absence of a claims adjuster because United submitted the paid vehicle repair bill to the defense prior to the hearing as United's proof of damages, that adjusters are routinely excused from arbitration hearings, and that defense counsel did not attempt to call an adjuster as a witness during defendant's case-in-chief.

¶ 15    In her reply, defendant asserted that (1) United did not object to defendant's Rule 237(b) request regarding the adjuster, (2) United failed to provide an affidavit to establish a valid reason for the adjuster's absence and that an administrative error had occurred, and (3) defendant would have objected to United's motion to excuse the adjuster. Defendant asked the court to debar United from maintaining its claim or from testifying and presenting any evidence at future proceedings, enter a default judgment against United, dismiss its action with prejudice, strike United's pleading, or enter judgment against United as to the issues in its pleading.

¶ 16    Defendant's motion to bar evidence was set for hearing on March 21, 2018. On that date, the court issued a written order granting defendant's motion barring United from introducing any evidence or testimony at trial. This order, however, did not set forth with specificity the reasons and basis of the imposed sanction. Furthermore, the record does not contain any transcript or bystander's report of this proceeding.

¶ 17    On March 27, 2018, the court issued a case management order, which set the trial for July 10, 2018. The order stated that (1) United's claim for property damage totaled $5079.62 and the paid bill would be admitted pursuant to the rules, (2) the identified witnesses to be called at trial were Karalis, defendant, United's adjuster, and the responding police officer, and (3) the ruling on motions *in limine* precluded any mention of liability insurance, traffic tickets issued (without a certified guilty plea), and lay witness medical testimony or opinions.

¶ 18    United moved the court to reconsider the sanction barring United from presenting evidence and testimony at the trial. First, United argued that the court applied the wrong legal standard when it sanctioned United under Rule 219(c) for failing to produce the claims adjuster at the arbitration hearing. According to United, the court incorrectly required United to "show extenuating circumstances" to avoid the imposition of the penalty when the correct standard required defendant to show that United's failure was a deliberate and pronounced disregard for the discovery rules and the court. United argued that the harsh sanction denied United a trial on the merits and was not warranted because the undisputed facts showed that United did not deliberately disregard defendant's Rule 237(b) notice, but rather unintentionally failed to present the routine motion to excuse the claims adjuster.

¶ 19    Second, United argued that the court misapplied existing law when it ruled that United failed to participate in the arbitration hearing in good faith pursuant to Rule 91(b) by failing to subject the case to the same adversarial testing that would be expected at a trial. United argued that the paid automobile repair bill was admissible as *prima facie* evidence of the necessity and reasonableness of the repairs and that United also presented photographs of Karalis's damaged vehicle and his testimony regarding the facts of the collision and the damage his vehicle sustained. Contrary to defendant's assertion that her cross-examination of the claims adjuster was necessary to establish damages, United stated that the paid repair bill established the

damages and the claims adjuster, who could only speak to the bill's payment, would have had no knowledge of the reasonableness or necessity of the bill.

¶ 20 United supported its motion to reconsider with the affidavit of its attorney, who attested that (1) the circuit court routinely excused claims adjusters from appearing at arbitration hearings in small claims property damage cases involving paid bills, (2) the motion to excuse was not presented prior to the arbitration hearing due only to an administrative error, and (3) United presented at the arbitration hearing the paid repair bill, photographs of Karalis's damaged vehicle, and Karalis, who testified about the facts of the accident and the damage his vehicle sustained.

¶ 21 In response, defendant asserted that (1) "a representative of [United] failed to appear at the arbitration hearing," (2) United failed to present a legitimate reason for the adjuster's failure to appear at the arbitration, (3) United failed to present new evidence to warrant reconsideration of the imposed sanction, (4) defendant had no notice that the adjuster would not appear at the arbitration hearing and was unfairly surprised, and (5) defendant suffered substantial prejudice because the adjuster's absence prevented defendant from disputing the alleged damages from the "estimate report" and no other witness presented at the arbitration hearing "had the requisite knowledge to testify regarding [United's] estimate report."

¶ 22 In its reply, United argued that (1) the arbitration panel had denied defendant's request for a bad faith finding against United, (2) the arbitrators' finding that all the parties participated in the arbitration hearing in good faith was *prima facie* evidence, and (3) defendant failed to submit anything to refute the arbitrators' carefully considered decision based on the evidence and testimony they heard. Furthermore, defendant's assertion that the adjuster was an essential witness to establish the damages lacked merit because Rule 90(c) provides that certain documents, including paid bills, may be offered into evidence without foundation or other proof. Moreover, only the maker of the repair bill would have had personal knowledge concerning its reasonableness and necessity, but defendant failed to subpoena that witness, pursuant to Illinois Supreme Court Rule 90(e) (eff. July 1, 2017), to elicit that testimony.

¶ 23 On August 23, 2018, the trial court denied United's motion to reconsider. The record does not contain any transcript or bystander's report of this proceeding.

¶ 24 Thereafter, defendant moved for summary judgment, arguing that no genuine issues of material fact would be presented against defendant at the trial because United was barred from introducing any evidence. The court denied defendant's motion for summary judgment. The court also denied United's motion to continue the hearing, which argued that Karalis was a necessary witness but he would be in California on the scheduled hearing date.

¶ 25 At the trial on October 22, 2018, the jury was convened and all counsel and defendant were present. United presented no evidence, defendant moved for a directed verdict, and the court granted defendant's motion.

¶ 26 United appealed the trial court's (1) March 2018 order barring United from presenting testimony and evidence at the trial, (2) August 2018 order denying United's motion to reconsider that sanction, and (3) October 2018 order granting defendant's motion for the directed verdict against United.

¶ 27                                    II. ANALYSIS

¶ 28        United argues that the trial court abused its discretion by barring United from presenting any testimony or evidence at the trial as a sanction for failing to comply with defendant's request to produce United's adjuster at the arbitration hearing. United contends that this drastic sanction deprived it of a hearing on the merits and was not warranted because (1) United's error resulted from its inadvertent failure to re-spindle its routine motion to excuse the adjuster's attendance, (2) United came to the arbitration having diligently filed its Rule 90(c) package, and (3) the arbitrators found that United participated in good faith at the arbitration where United presented photographs of Karalis's damaged vehicle, the paid repair bill, and Karalis, who testified about the facts of the collision and the damage to his vehicle.

¶ 29        United contends that its unintentional error did not prejudice defendant's case because it had no impact on the evidence in this straightforward subrogation action where the total damages consisted of the amount of the single repair bill United was required to pay under the terms of the deductible collision clause of its insurance policy with Karalis. Furthermore, the paid repair bill was *prima facie* evidence of United's damages and was admissible at the arbitration hearing without foundation or other proof under Rule 90(c). In addition, the claims adjuster, who was not the maker of the repair bill, could have testified merely about the bill's payment and would not have had knowledge about the reasonableness or necessity of the bill.

¶ 30        Defendant responds that the circuit court's imposed sanction was proper because United did not show that its failure to produce its adjuster at the arbitration was reasonable or the result of extenuating circumstances. Defendant contends that she was prejudiced by the adjuster's absence because she could not cross-examine the adjuster about the reasonableness of the paid repair bill. Defendant argues that United's failure to renew its motion to excuse the adjuster from the arbitration was careless and indicative of United's treatment of the arbitration process as a meaningless hurdle to cross before going to trial. Defendant asserts that United failed to participate in the arbitration hearing in good faith because the absence of the adjuster failed to subject this case to the type of adversarial testing expected at a trial.

¶ 31        Initially, we note that United did not provide this court with either a transcript or bystander's report of the proceedings before the circuit court. See Ill. S. Ct. R. 323 (eff. July 1, 2017); see also *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (any doubts arising from the incompleteness of the record will be resolved against the appellant, who has the burden to present a sufficiently complete record of the proceedings to support a claim of error). However, the record is sufficient to address United's claims of error; nothing in the record indicates that the circuit court considered any basis for the sanction other than United's failure to comply with defendant's Rule 237(b) notice requiring the appearance of United's adjuster at the arbitration hearing.

¶ 32        Where a party to mandatory arbitration proceedings appeals from sanctions imposed, the standard of review is an abuse of discretion. *State Farm Insurance Co. v. Kazakova*, 299 Ill. App. 3d 1028, 1031 (1998). An abuse of discretion occurs when the trial court rules arbitrarily. *Johnson v. Saenz*, 311 Ill. App. 3d 693, 697 (2000).

¶ 33        A party may require the appearance at an arbitration hearing of a person who "is an officer, director, or employee of a party *** by serving the party with a notice designating the person who is required to appear." Ill. S. Ct. R. 237(b) (eff. July 1, 2005). If a party fails to comply with this notice, "the court may enter any order that is just, including any sanction or remedy provided for in Rule 219(c) that may be appropriate." *Id.* The sanctions and remedies listed in

Rule 219(c) include staying proceedings until the rule is complied with, barring the offending party from maintaining any particular claim or defense related to any issue to which the failure relates, barring a witness from testifying concerning that issue, and entering a judgment by default as to claims to which that issue is material. Ill. S. Ct. R. 219(c) (eff. July 1, 2002). "The sanctions imposed must relate to the issue to which the misconduct relates and may not extend to other issues in the case." Ill. S. Ct. R. 219, Committee Comments (rev. June 1, 1995). "Where a sanction is imposed under this paragraph (c), the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." Ill. S. Ct. R. 219(c) (eff. July 1, 2002).

¶ 34    Furthermore, if the arbitration panel unanimously finds that a party to the arbitration hearing failed to meet the requirement to participate in the hearing in good faith and in a meaningful manner, the panel shall state that finding and the factual basis therefor on the award. Ill. S. Ct. R. 91(b) (eff. June 1, 1993). Such an award shall be *prima facie* evidence of bad faith, and a court, when presented with a petition for sanctions, may order sanctions as provided in Rule 219(c) and costs and attorney fees. *Id.* "A party participates in the arbitration hearing in good faith and a meaningful manner *** by subjecting the case to the type of adversarial testing that would be expected at trial." *Nationwide Mutual Insurance Co. v. Kogut*, 354 Ill. App. 3d 1, 4 (2004).

¶ 35    Here, the parties agree that the arbitrators rejected defendant's request, made during closing argument, for a bad faith finding against United based on the absence of its adjuster. Instead, the arbitration panel unanimously found that all the parties participated in the hearing in good faith and in a meaningful manner. This court also notes that nothing in the record indicates that the absence of the adjuster resulted in prejudice to defendant because the paid repair bill was admissible evidence at the arbitration hearing of damages without foundation or other proof pursuant to Rule 90(c) and the adjuster, who was not the maker of the repair bill, would not have been the appropriate witness for defendant to challenge the reasonableness and necessity of the vehicle repairs. Moreover, there is no indication in the record that defendant attempted to subpoena the maker of the repair bill pursuant to Rule 90(e).

¶ 36    In addition, the circuit court failed to specify the reasons and basis for imposing the severe sanction that deprived United of a trial on the merits even though United had appeared at the arbitration hearing with its insured and presented documents and testimony to support its claim. The court's broad sanction, preventing United from presenting any evidence and testimony at the trial, was not related or confined to United's failure to produce its adjuster and impermissibly extended to other issues in the case. This court can only speculate whether the circuit court was confused or misled by defendant's inaccurate assertions in her motion for sanctions and responsive filings, which claimed that United failed to appear at the arbitration through a representative, failed to present "its only occurrence witness," and did not object to defendant's Rule 237(b) request to present the adjuster. Although defendant claimed that she would have objected if United had moved to excuse the adjuster, she never filed a written response when United filed such a motion. Moreover, defendant claimed that only United's adjuster could testify regarding its "estimate report," but this case was not a total loss claim and did not involve any estimate report. Rather, the damages in this case consisted of the $5079.62 paid repair bill that United was required to expend under the terms of the deductible collision clause of its insurance policy with Karalis.

¶ 37 The circuit court's order preventing United from presenting any evidence or testimony at the trial impermissibly extended to other issues in the case far beyond any issue affected by United's inadvertent failure to present its adjuster at the arbitration hearing. The circuit court's order denying United a hearing on the merits of its claim in the absence of any indication of prejudice to defendant was arbitrary. Because the circuit court acted arbitrarily, we find that it abused its discretion by granting defendant's motion to bar United from presenting evidence and testimony at the trial. Based on our analysis that the court's sanction was an abuse of discretion, we also find that the court erred by denying United's motion to reconsider the sanction and by awarding defendant the directed verdict that relied on the sanction.

¶ 38                                         III. CONCLUSION

¶ 39 The orders of the circuit court barring United from presenting testimony and evidence at the trial, denying United's motion to reconsider that sanction, and granting defendant a directed verdict are reversed, and this matter is remanded for further proceedings consistent with this opinion.

¶ 40 Reversed and remanded.